Ezra B. McCagg, Plaintiff in Error, *v.* Charles L. Woodman, Defendant in Error.

### ERROR TO SUPERIOR COURT OF CHICAGO.

Where a party has funds deposited with a banker, who holds the promissory note of the depositor, the latter may insist that his note shall be satisfied out of the deposit, although the banker, before the note becomes due, had voluntarily assigned all of his effects for the benefit of creditors.

This was an action of assumpsit, brought by the plaintiff in error against the defendant·in error, upon a promissory note.

The declaration contained a special count upon the note, and the common counts.

The note sued on was dated May 8, 1861, for $235, due in thirty days after date, made at Chicago by the defendant in error, payable to the order of Spafford, Stewart & Co., at the office of E. I. Tinkham & Co., and indorsed in blank by the payees, and by E. I. Tinkham & Co.

Plea, the general issue, and a notice :

That the note was given by defendant to Spafford, Stewart & Co.

That E. I. Tinkham & Co. discounted it for the payees, and became the purchasers of it from Spafford, Stewart & Co.

That on or about the 1st day of June, 1861, Tinkham & Co., being the absolute owner of the note, made an assignment of *certain* of their debts, assets and effects to the plaintiff, for the benefit of certain of their creditors.

That among the assets so assigned was the note sued on in this case.

That the plaintiff held it only as the assignee of Tinkham &

Co., and did not pay any consideration for the assignment of the note to him.

That at the time of the assignment of the note to plaintiff, Tinkham & Co. were indebted to the defendant in the sum of $282.74, for money which he had before then deposited with them.

That the plaintiff knew of said indebtedness from Tinkham & Co. to defendant, at the time of the assignment of the note to him.

That Tinkham & Co. were still indebted to defendant as aforesaid, at the time of pleading.

That defendant would give in evidence, that when he received notice from Tinkham & Co. that his note was about to mature, to wit, on or about the 25th of May, 1861, while Tinkham & Co. were the holders of said note, he directed and requested them to apply so much of the money due from them to defendant as would suffice to pay the said note. To which appropriation Tinkham & Co. consented ; and that defendant did not make any other appropriation of the money due him from Tinkham & Co., and that it so remained in their hands at the time of the assignment to the plaintiff.

That he would also prove that said note had been paid ; and that after it had been paid, it was wrongfully and fraudulently put into circulation by Tinkham & Co., to compel defendant to pay it again.

Motion for a new trial by plaintiff overruled, and judgment on the verdict.

On the trial the note sued on was offered and read in evidence.

It was admitted that this note was the property of E. I. Tinkham & Co., and passed to the plaintiff by the assignment.

The defendant then read in evidence the deed of assignment from E. I. Tinkham & Co. to the plaintiff, dated June 6, 1861, which is in the ordinary form of such instruments, and conveys to the plaintiff the assets named in schedule A, attached to the assignment, which includes the note in question.

The plaintiff was authorized to collect the notes and assets

assigned, and after paying the expenses of the assignment, was directed to apply the proceeds :

1st. To the payment of the indebtedness of Tinkham & Co. to E. B. McCagg, as indorser of notes and bills for the benefit of Tinkham & Co., amounting to $6,250.

2nd. The indebtedness of Tinkham & Co. to the parties named in schedule B, in the order named, all of whom were accommodation parties to the paper named, for the benefit of Tinkham & Co.

3rd. To pay the debts named in schedule C.

4th. To pay all the other partnership debts of the firm of Tinkham & Co.

5th. To pay the separate debts of the members of that firm.

Lastly, to pay the surplus, if any, to the assignors.

The defendant then called a witness, who testified, that he was a book-keeper for Tinkham & Co., who were bankers at Chicago, Illinois; and produced a bank book kept by defendant with Tinkham & Co., in which were the following entries, and none other :

| *Dr.* | | E. I. Tinkham & Co. *in account with* C. L. Woodman. | | | | *Cr.* |
|---|---|---|---|---|---|---|
| May 10. | To Cash, | - - $185.84 | By Checks, | - - - | - | $15.00 |
| " 13. | " " | - - 122.55 | " " | - - - | - | 13.26 |
| " 15. | " " | - - 220.00 | " " | - - - | - | 277.30 |
| " 16. | " " | - - 45.00 | " " | - - - | - | 14.00 |
| " 17. | " " | - - 55.00 | " " | - - - | - | 18.75 |
| " 18. | " " | - - 85.39 | " " | - - - | - | 51.14 |
| | | | " " | - - - | - | 15.35 |
| | | | " " | - - - | - | 16.58 |
| | | | " " | - - - | - | 9.66 |
| | | | June 5. | Balance, | - - | 282.74 |
| | | $713.78 | " 5. | Pr. vouchers ret'rn'd | | $713.78 |
| 1861. | | | | | | |
| June 15. | To balance, - | - $282.74 | | | | |

Which the plaintiff admitted to be genuine and correct, so far as the entries appeared, but objected to its introduction in evidence as irrelevant and incompetent; but the court overruled the objection, and admitted it to be read in evidence.

The witness further testified, that Tinkham & Co. ceased to

do business after the assignment, and discharged their clerks. He did not know they were insolvent. They stopped payment of depositors' checks.

The defendant called another witness, who testified: That he had been in the employment of Tinkham & Co., who were bankers.

That Woodman was a customer of theirs, and had notes there which were discounted by Tinkham & Co. for others; but he did not know who was the owner of the note sued on; or that it had been discounted by Tinkham & Co. for defendant. It was not his business to know of the discount of notes by Tinkham & Co. Don't know that Tinkham & Co. owned the note sued on. It was indorsed and delivered to plaintiff by Ambler, a member of the firm of E. I. Tinkham & Co., at the date of the assignment.

Notice of the maturity of the note, was offered in evidence, which was written by witness and put in an envelop for the mail, in the ordinary course of business, as follows:

CHICAGO, May 29, 1861.

C. L. WOODMAN: Your note for $235, payable at our office, will be due June 7—10, 1861.    E. I. TINKHAM & CO.

But witness did not know of Woodman calling at the bank to see about paying the note; had no recollection about it, or knowledge of Woodman calling after the notice was written and sent.

To the admission of all which evidence, the plaintiff, by his counsel, objected, because of irrelevancy and incompetency.

The court overruled the objection and admitted the evidence.

The plaintiff asked the court to give the following instruction to the jury:

In this case, the defendant cannot set off against the plaintiff's demand, any indebtedness of Edward I. Tinkham & Co. to the defendant, notwithstanding the plaintiff holds the note as the assignee in insolvency of Edward I. Tinkham & Co. And unless the jury believe, from the evidence, that the note was actually paid before it was assigned and delivered to the plaintiff, they will find for the plaintiff the amount of the note sued on, and interest from the maturity of the same.

Which the court refused to give.

The jury then rendered a verdict for the defendant.

The errors assigned are—

That the court erred in admitting the testimony of the witnesses, Forrest and Brewster, and the bank book of defendant kept with Tinkham & Co., to go to the jury.

That the court erred in refusing to give the jury the instruction asked by the plaintiff.

That the court erred in refusing to grant a new trial.

That the verdict of the jury was against the law and the evidence, and should have been for the plaintiff.

Because of other errors appearing on the face of the record.

Scammon, McCagg & Fuller, for Plaintiff in Error.

Hervey, Anthony & Galt, for Defendant in Error.

Walker, J.  It appears from the evidence that defendant in error made his note to Spafford, Stewart & Co., payable in thirty days at the office of Tinkham & Co., bankers, in Chicago. That Tinkham & Co. purchased the note of the payees before its maturity.  That some eight or ten days before it fell due, Tinkham & Co. assigned and delivered a part of their assets, principally bills and notes not then due, in trust for the benefit of a part of their creditors named in the deed of assignment. This note was included in the assets thus transferred.  Also, that defendant in error kept a bank account with Tinkham & Co., who were indebted to him for a sum larger than the note when the assignment was made, for money deposited, and that Tinkham & Co. have become insolvent and never paid the sum thus deposited.

This presents the question whether this sum due to defendant in error, from Tinkham & Co. at the time the assignment was made, can be set off against this note.  It will hardly be questioned, that an assignee for the benefit of creditors takes as a volunteer.  He pays no consideration for the property assigned. He, for the purpose of paying the debts of the debtor, becomes the owner, in trust, of the property so transferred, to be used and applied in the mode, and upon the terms prescribed,

in the trust deed. After discharging the debts, for the payment of which the property was appropriated, any surplus which may remain, belongs to, and must be refunded to the debtor. Such surplus does not vest in the creditors or trustee, but remains the property of the debtor, for the recovery of which, he may maintain an action. If he took as a purchaser for value, such would not be his right. Or if the creditors took as purchasers for value, the property would vest in them absolutely, free from all claim of the debtor.

By the deed of assignment the trustee at law, or the creditors in equity, succeed only to the rights of the debtor. By the assignment they acquire no greater or more beneficial rights, than those enjoyed by the assignor. The trustee takes the property and choses in action, subject to all defects arising from the state of affairs, existing at the time the assignment is made. If this suit had been instituted by Tinkham & Co., there can be no doubt that the defense would be clearly admissible, because they were indebted to the maker in a sum more than equal to the amount of the note.

Again, had defendant in error, previous to the assignment, applied to a court of equity, to restrain the sale of this note, for the benefit of these creditors, and had shown that Tinkham & Co. were insolvent, and that they owed him this sum, and that loss and injustice would ensue by the transfer, the relief would certainly have been granted. A court of equity would not tolerate such injustice and wrong. Then if the trustee only succeeded to the rights, and occupied the place of the debtor, as it relates to this transaction, as they existed at the time of the transfer, a court of equity would interpose and still afford the same relief, against a mere volunteer, or equitable holder. Nor is there any injustice or hardship in this, as the trustees and creditors knew they were dealing with an insolvent firm, which was manifested by the execution of the deed of assignment. And when so dealing without advancing any new consideration, and only acting so as to procure a preference in the payment of their debts, over other creditors, they are put upon inquiry as to all equities that exist between

the insolvent debtor and those against whom he claims to have demands.

This court has repeatedly held, that when a nominal plaintiff instituted a suit for the use of another, that a court of law will regard and enforce the existing equities of the parties. That in such a case a court of law will not turn the parties over to the chancellor for relief. So in this case, the trustee sues virtually for the use of the creditors, and not for himself, and inasmuch as the defendant in error has presented and established a clear, equitable defense against the equitable and beneficial parties, the creditors of Tinkham & Co., it must be allowed to defeat a recovery. The trustee of course took the choses in action, subject to the existing equities at the time of assignment. Had the indebtedness of Tinkham & Co. occurred after the assignment was made, or had any other liability subsequently intervened, it could not have interposed to change the rights of the trustee, or the equitable interests of the creditors. Only the existing rights of the parties, when the transactions occurred, can be regarded. The judgment of the court below is affirmed.

*Judgment affirmed.*