WALDO T. PEIRCE *vs.* JOHN P. BENT,

and

JOHN P. BENT *vs.* WALDO T. PEIRCE & others.

Penobscot. Opinion April 21, 1879.

*Judgment. Set-off. Common law and statute right.*

Judgments in cross actions may be set off, the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions are pending; and this right exists at common law, independent of statute law.

A judgment in favor of the principal alone may be applied in satisfaction of a judgment against him and his sureties.

Such a set-off will not be allowed to defeat an attorney's lien for the taxable costs.

An assignment will not defeat the right of set-off, if both causes of action existed at the time the assignment was made.

If the right of set-off had attached at the time of the assignment, the assignee must take the demand *cum onere*,—with the right of set-off still clinging to it.

FACTS AGREED.

ON MOTION, filed by said Peirce to have an off-set of judgments, the one against the other, so far as the smaller goes, except the costs due the attorneys. The facts are as follows :

On the 19th day of May, 1873, said John P. Bent brought his action of trover against said Waldo T. Peirce, for the wrongful and unlawful conversion of two promissory notes of hand for

$600 and interest, each dated January 6, 1873. Said notes were signed by one Fuller & Stanford, and payable to said Bent or order, and not by him negotiated. Said action was made returnable to the supreme judicial court, October term, 1873, and there entered and continued to April term, 1874, at which time the action was tried by a jury, and a verdict rendered for the plaintiff for $1,308.50 damages. At the same term defendant filed motion to set aside said verdict as being against law, evidence and the weight of evidence, and also on the ground of newly discovered evidence; and also filed exceptions; and said case was taken to the law court, and there considered.

The full court affirmed the verdict, and at the April term of said court, 1875, (to wit, on the 8th day of May, 1875,) judgment was rendered on said verdict, and execution issued thereon, June 10, 1875, for $1,389.19 damages, and $35.04 costs of suit.

On the 14th of June, 1875, said Waldo T. Peirce filed his petition to review the above named judgment, and prayed for a writ of *supersedeas*, to stay the enforcement of said execution and judgment against him; which *supersedeas* was ordered by the court, upon said Peirce filing the statute bond required in such case; and said Peirce thereupon filed said bond, duly approved, signed and sealed by himself, O. M. Shaw, David Fuller and Samuel Stearns, (the other defendants in action *Bent* v. *Peirce & others*) in the penal sum of $2,848.46, dated June 14, 1875.

Said petition for review was presented to the full court, and upon hearing before said court, the order of court thereon was "writ denied," (see *Peirce* v. *Bent*, 67 Maine, 404,) and judgment for costs taxed at $30.00, rendered in favor of said Bent, and against said Peirce, July 3, 1877, and execution issued thereon July 9, 1877, which is still unsatisfied.

On the 30th of July, 1877, said John P. Bent, having paid nothing to Messrs. Brown & Simpson, and F. A. Wilson, his counsel in the above entitled suits referred to, for services and disbursements by them done, performed and made, executed and delivered to said Brown & Simpson, and F. A. Wilson, an assignment of said judgment and execution, and also of said bond, for the purposes therein stated.

On the 6th day of August, 1877, said assignees of said bond brought a suit thereon, in the name of said Bent, (and for their benefit) against said Peirce, Shaw, Fuller, and Stearns, returnable to this court, October term, 1877, which was continued to January term, 1878, and at said January term, 1878, was defaulted, and now stands defaulted.

On the 24th day of June, 1874, said Waldo T. Peirce brought an action of assumpsit on account annexed, against said John P. Bent, and entered said action at the October term of the supreme judicial court, 1874, Penobscot county, and at the April term of said court, 1877, recovered judgment against said John P. Bent for $5,688.85 debt, and $290.27 costs of suit. Judgment rendered July 3, 1877. Execution issued thereon August 29, 1877.

On the 30th day of August, 1877, said Waldo T. Peirce brought an action of debt on said last named judgment, against said John P. Bent, and entered said action at the October term, supreme judicial court, Penobscot county, 1877, and at said term, on the 37th day of said term, said action was defaulted, but judgment has not been entered up in either said suits brought on said bond, nor on said last named suit, brought on said judgment.

The law court to determine, upon the evidence reported, whether the set-off claimed shall or shall not be made, according to the legal rights of the parties.

The bond, given by said Peirce on his petition for review, was signed by O. M. Shaw, David Fuller and Samuel Stearns, and is of the following tenor :

" Know all men by these presents, that I, Waldo T. Peirce, of Bangor, county of Penobscot, am holden and stand firmly bound and obliged unto John P. Bent, of said Bangor, in the full and just sum of $2,848.46, to be paid to the said John P. Bent, his executors, administrators, or assigns. To which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, firmly by these presents.

" Sealed with our seal. Dated the fourteenth day of June, one thousand eight hundred and seventy-five.

" The condition of the above obligation is such that, whereas on petition filed at the April term, 1875, of the supreme judicial

court for Penobscot county, in favor of said Peirce against said Bent, praying for a review of judgment rendered at said term of court, the justices of said court have granted a *supersedeas* to stay the execution issued in said case, which execution is in favor of said Bent, and against said Peirce, for the sum of $1,389.19 damages, and $35.04 costs, as will more fully appear by reference to said petitions, and to the records of said court.

"Now if said Peirce shall pay the amount of said damages and costs, if the petition is denied or the amount of the final judgment in review if it is granted, with interest thereon at the rate of twelve per cent from this date to the time of final judgment, then this deed shall be void—otherwise in full force."

The assignment made by Bent is as follows: "Bangor, July 30, 1877. In consideration of my indebtedness to Messrs. Brown & Simpson, and F. A. Wilson, counselors at law, Bangor, for the professional legal services to me rendered, done and performed, and moneys paid and advanced in and about certain suits in law between myself and Waldo T. Peirce, of Bangor, pending in the supreme judicial court, Penobscot county, within and during the three or four years last past, as by the dockets and records of said court fully appear, viz: Due to said Brown & Simpson the sum of twelve hundred fifty-two dollars and sixty-four cents ($1,252.64) and due to said F. A. Wilson the sum of two hundred and fifty dollars ($250), in all the sum of fifteen hundred and two dollars and sixty-four cents, and as addition to the lien on the claim and demand hereinafter described, which lien I hereby recognize and affirm, do hereby sell, transfer, set over and assign unto the said Brown & Simpson, and F. A. Wilson, a certain bond, bearing date June 14, 1875, signed by Waldo T. Peirce, and David Fuller, O. M. Shaw and Samuel Stearns, sealed with their seals, for $2,848.46, conditioned among other things to pay the amount of a judgment recovered by said Bent, against said Peirce, in the S. J. court, Penobscot county, April term, 1875, for $1,389.19 debt or damages, and $35.04 costs in said action, if a petition to review said action was denied by the said court (an application or petition having been made and filed by said Peirce) with interest on said sums at twelve per cent from the date of said

bond to the time of final judgment, to wit : April term, 1877. I also assign and set over to said Brown & Simpson, and said F. A. Wilson, said judgment hereinbefore described in all its parts, also the execution issued thereon on the tenth day of June, 1875, together with all the rights and interests belonging thereto or established, vested or secured thereby, with full power to them to prosecute any and all necessary suits on said bond or judgment in my name, and for their use ; or settle and discharge said bond, judgment or execution as they may see fit. Witness my hand and seal the day and year just above named. John P. Bent. [L. S.]

" Signed, sealed, delivered in presence of H. W. Mayo."

*A. W. Paine*, for Peirce & others.

*C. P. Brown*, for Bent, and *A. L. Simpson*, for assignees, contended :

I. That the matter of set-off, whether of actions in court, or of judgments, or of executions in the hands of an officer, is all regulated by statute ; that the provisions there made are ample for the just protection of all, and no power therein is left to the court ; and cited R. S., c. 82, §§ 48 to 61, inclusive, and c. 84, §§ 26, 27. Also R. S., c. 81, §§ 74, 75. None of these provisions, and no authority by statute, grant the request made in the motion of Peirce. No common law principle can help him because statutory law has intervened and defeated it.

But if this claim of set-off is not granted by statute, then it must stand on considerations of equity and substantial justice. *Brow* v. *Hendrickson*, (N. J.) 16 Am. L. Reg. 621.

But no such quality ever shaded the person or claim of this applicant.

II. The set-off would violate the equitable rights of third parties. *Ames* v. *Bates*, 119 Mass. 399. This case was decided in 1876, and the opinion of Devens, J., is referred to.

WALTON, J. It is well settled, both in England and in this country, that judgments in cross actions may be set off, the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions is pending. If the amounts are equal, both will be satisfied. If

the amounts are unequal, the smaller will be satisfied in full, and the larger to the extent of the smaller, and an execution will issue for the balance. Such a set-off will not be allowed to defeat an attorney's lien for his costs ; but his lien extends only to the taxable costs. An assignment will not defeat the right of setoff if both causes of action existed at the time the assignment was made. An assignee can have no rights which the assignor did not have ; and if the right of set-off had attached at the time of the assignment (as it always does when both causes of action have then matured), the assignee must take the demand *cum onere,*— with the right of set-off still clinging to it. Nor will it make any difference that one of the judgments is against a principal and his sureties. A judgment in favor of the principal alone may be applied in satisfaction of one against him and his sureties. And the right of set-off in this class of cases is not dependent upon statutory law. It exists at common law. All of these propositions are sustained by adjudged cases as well as the leading text books. The cases are too numerous for citation. A few only are referred to. *Mitchell* v. *Oldfield,* 4 Term Rep. 123. *Glaister* v. *Hewer,* 8 T. R. 69. *Barker* v. *Braham,* 2 W. Black. 869. *Simpson* v. *Hadley,* 1 M. & S. 696. *Bridges* v. *Smith,* 8 Bing. 29. *Goodenow* v. *Buttrick,* 7 Mass. 140. *Greene* v. *Hatch,* 12 Mass. 195. *Winslow* v. *Hathaway,* 1 Pick. 211. *Ocean Ins. Co.* v. *Rider,* 22 Pick. 210. *Moody* v. *Towle,* 5 Maine, 415. *Burnham* v. *Tucker,* 18 Maine, 179. *Hooper* v. *Brundage,* 22 Maine, 460. *Prince* v. *Fuller,* 34 Maine, 122. *New Haven Copper Co.* v. *Brown,* 46 Maine, 418. Chit. Gen. Prac., Title, Set-off. Howe's Prac. 350. 2 Par. on Con., Title, Set-off, 242. *Brown* v. *Hendrickson,* Am. L. Reg. for Oct., 1877, 619.

The right to have the set-off moved for in these cases made is unquestionable. All possible objections to it are fully answered by the foregoing propositions, and the authorities cited in support of them.

*Set-off ordered as moved for.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.