KINSEY and another, Respondents, vs. RING, Administrator, Appellant.

*November 15 — December 6, 1892.*

*Equitable setoff: Insolvency: Bills and notes.*

The maker of a note, who was insolvent, assigned to K., for a valuable consideration, an account in his favor against A., an accommodation indorser of the note. The note was not then due. In an action by K. against A. upon such account, brought after the note had become due and the liability of A. thereon had become fixed, it is *held* that there could be no equitable setoff of such liability against the account sued upon.

APPEAL from the Circuit Court for *Clark* County.

This is an action to recover $350 for flour and feed sold to the defendant's intestate, Levi Archer, by W. S. Colburn, on credit, before September 7, 1885. The account was duly assigned by Colburn to plaintiffs at that date. The plaintiffs paid Colburn a valuable consideration therefor.

In April, 1885, Archer and three others indorsed two promissory notes of Colburn, dated April 18, 1885, for $1,241.20 each, due in two and three years from date, respectively, with eight per cent. interest. Archer and the others were accommodation indorsers of the notes. Colburn was insolvent when he assigned the claim in suit to plaintiffs, has remained so ever since, and has paid nothing on the notes.

This action was commenced after one of the notes became due and the liability of. Archer to pay it had been fixed by due demand, notice, and protest, and after the holder thereof had brought suit upon it against Archer and the other parties to the instrument. Archer pleaded the above facts as an equitable counterclaim and setoff to the account in suit herein.

This action was originally brought against Archer, who died thereafter, and has been revived and continued against *Mr. Ring*, the administrator of his estate, duly appointed and qualified.

The circuit court held that the liability of Archer on the notes thus indorsed by him is not the proper subject matter of an equitable setoff against the demand of the plaintiffs, and gave judgment for them for the amount of their claim. The defendant appeals from the judgment.

*M. C. Ring*, for the appellant, contended, *inter alia*, that the insolvency of one of the parties is a sufficient ground for the allowance of a setoff in equity. The doctrine of equitable setoff is often applied where the demand on one side or the other has not yet matured or become enforceable at law. *Seligman v. Heller Bros. C. Co.* 69 Wis. 410;

*Smith v. Felton,* 43 N. Y. 419; *Coffin v. McLean,* 80 id. 560; *Acer v. Hotchkiss,* 97 id. 407; *Stone v. Fargo,* 55 Ill. 71; *Detroit & M. R. Co. v. Griggs,* 12 Mich. 45; 2 Story, Eq. Jur. secs. 1433, 1435, 1436.

*R. J. MacBride,* for the respondents.

LYON, C. J.  Had the notes, or either of them, upon which Archer was an accommodation indorser for Colburn been due, and had the proper proceedings been taken to fix his liability thereon as an indorser before Colburn assigned the demand in suit to plaintiffs,— Colburn being then insolvent,— it will be assumed for the purposes of this appeal that an equitable setoff because of such liability might be enforced against the claim and demand of plaintiffs.  In such case the judgment would probably go for the plaintiffs for the amount of their claim, but defendant would be allowed to pay it by paying an equal amount on the note or notes for the payment of which Archer was thus liable.  The difficulty in the way of enforcing such equitable setoff in this action is that, when the plaintiffs took the assignment from Colburn of the account against Archer, neither of the notes of Colburn thus indorsed by Archer was due, and the liability of Archer thereon was contingent upon his being charged as indorser at the maturity of the notes.  The plaintiffs paid a valuable consideration for the demand in suit, and, although such payment was made by allowing the amount of the demand on a pre-existing indebtedness of Colburn to them, the rights and liabilities of all parties in interest were fixed by the assignment.  The circumstances that this action was not commenced until one note had become due, and Archer had been charged thereon as indorser, are quite immaterial.  We understand the plaintiffs to be in the position Colburn would have been in had he, instead of assigning the demand to plaintiffs, brought an action upon it at the time he so assigned it.  The law seems to be well settled

that in such case no equitable setoff could have been enforced by Archer against the claim, notwithstanding the insolvency of Colburn. While cases have been cited to the effect that an equitable setoff may be enforced of a debt owing *by* the insolvent and due, against a debt owing *to* him but not due, we are referred to no case which allows the holder of the debt not due to enforce such setoff against one that is due. The authorities are all to the contrary. Thus in *Spaulding v. Backus*, 122 Mass. 553, which is a leading case on the subject under consideration, it is held that " a note given by A. to B., and not yet due, cannot in equity be set off against a note given by B. to A., upon which A. has brought an action for the benefit of C., to whom he assigned it, although C. knew at the time of the assignment that A. was insolvent, and A. was subsequently declared a bankrupt." The same rule was applied in *Bradley v. Angel*, 3 N. Y. 475, which is another leading case on the same subject.

We conclude that the learned circuit judge decided the case correctly, and must therefore affirm the judgment.

*By the Court.*— Judgment affirmed.