JONES and another, Appellants, vs. PIENING, Assignee, Respondent.

*May 2 — May 23, 1893.*

*Voluntary assignment by bank: Setoff of deposit against notes of depositor: Time for appeal.*

1. Where a bank makes a voluntary assignment while holding notes of a depositor, the latter is entitled to have the amount of his deposit set off against the notes, even though they were not due at the time of the assignment.

2. The thirty days within which an appeal may be taken from an order made under sec. 1699, R. S., begins to run from the entry of the order, even though it is a modification of a prior order and is stated to be as and for the date of such prior order.

APPEAL from the Circuit Court for *Manitowoc* County.

It appears from the record, and is in effect found, that April 12, 1892, the T. C. Shove Banking Company made a voluntary assignment for the benefit of its creditors to the defendant, *Piening;* that at the time of making said assignment the said bank was indebted to the plaintiffs upon an open and running account for deposits therein in the sum of $4,198.96; that the bank also held in trust, for the purpose of paying a premium on insurance for the plaintiffs, the sum of $47.50, and also held in trust for collection a draft belonging to the plaintiffs for $163.22, making a total of $4,409.68; that the plaintiffs were at the same time indebted to the bank in the sum of $7,357.22, of which sum $3,357.22 was past due and payable, and the balance of $4,000 did not become due until some time after said assignment; that June 28, 1892, the plaintiffs petitioned the circuit court to allow the said $4,409.68 to be set off against the amount due from the plaintiffs to said bank upon said five notes, aggregating the amount of $7,355.50; that the assignee answered said petition, and on the trial thereof the court found, in addition to the facts stated, and as con-

clusions of law, that the plaintiffs were entitled to have al-
lowed, as a setoff against the $4,198.96 so on deposit, the
amount due prior to said assignment on said notes, to wit,
the sum of $3,357.22, leaving a balance due to the plaintiffs
upon such deposits of the sum of $841.74, and that the
plaintiffs were also entitled to have allowed as an offset on
their three notes, aggregating the amount of $4,000, which
did not mature until after said assignment, the said sum of
$47.50 so held in trust by the bank to pay insurance, and
said sum of $163.22 so held in trust by the bank for collec-
tion, making an aggregate of $210.72, but that the plaintiff
was liable to pay the balance of said $4,000, with the inter-
est from the time said notes respectively matured, to the
assignee, and that the assignee was only liable to pay to the
plaintiffs their *pro rata* share of the said $841.74, being the
balance of said deposits; and the court ordered judgment
accordingly.    From that order the plaintiffs appeal.

For the appellants there was a brief by *Goldberg & Hoxie*,
attorneys, and *Turner & Timlin*, of counsel, and oral argu-
ment by *W. H. Timlin* and *George Hoxie*.    They cited, be-
sides cases cited in the opinion, *Estabrook v. Messersmith*,
18 Wis. 545; *Hawks v. Pritzlaff*, 51 id. 160; *Vernon v. Up-
son*, 60 id. 418; Burrill, Assignments, secs. 391, 403; *Spear
v. Dey*, 5 Wis. 193; *Blount v. Windley*, 95 U. S. 173, 177;
*Bradley v. Angel*, 3 N. Y. 475; *Scott v. Armstrong*, 146
U. S. 499.

For the respondent there was a brief by *Schmitz & Kir-
wan* and *G. G. Sedgwick*, and oral argument by *Mr. Sedg-
wick*.    They contended, *inter alia*, that the statute allows
setoff in those cases only where the demands sought to be
offset are both due, and where each of the claims is of such
a nature that it might be offset against the other.    R. S.
sec. 4258.    Equity follows the statute unless a departure
therefrom is required by peculiar circumstances.    *Oatman
v. Batavian Bank*, 77 Wis. 501, 503; *Jordan v. Nat. S. &*

*L. Bank,* 74 N. Y. 467, 473–4; *Coffin v. McLean,* 80 id. 560, 563; *Spaulding v. Backus,* 122 Mass. 553, 554. In Wisconsin the rule is that in cases of voluntary assignment for the benefit of creditors, in which preferences are forbidden by statute, insolvency is not ground for equitable setoff. *Oatman v. Batavian Bank,* 77 Wis. 501; *Union Nat. Bank v. Hicks,* 67 id. 189.

CASSODAY, J. It is claimed that the appeal should be dismissed because it was not taken " within thirty days from the entry of the " order, as required by the statute. Sec. 1699, R. S. It is true that section provides, in effect, that such appeal shall not be taken after the expiration of such thirty days. Here the order is dated October 15, 1892, and was entered October 21, 1892, and it is therein stated to be as and for September 19, 1892. The fact is that the order so entered was a modification of a prior order of such former date. This appeal was perfected November 12, 1892, which was within thirty days from the entry of the order appealed from, and hence was within the time prescribed by the statute.

At the time the bank assigned to the defendant it was indebted to the plaintiffs, as mentioned in the foregoing statement, and such indebtedness was then due and payable. At the same time the plaintiffs were indebted to the bank in a large amount,— a part of which had become due and payable before the making of such assignment, and the balance thereof did not become due and payable until after the making of such assignment. The trial court allowed the plaintiffs to set off so much of their indebtedness as became due before the assignment, but refused to allow such setoff as to any portion of their indebtedness which became due after the making of the assignment. The correctness of such ruling is the important question presented for determination.

Undoubtedly the rights of the creditors and debtors of an insolvent assignor as to setoffs become fixed immediately upon the completion of the assignment, in analogy to the rule applicable to debtors and creditors in the case of a deceased insolvent.  *Union Nat. Bank v. Hicks*, 67 Wis. 192. Accordingly it has been held by this court that "a bank cannot set off, against a deposit to the credit of an assignor for the benefit of creditors, a note held by it against him, but not due at the time of the assignment."  *Oatman v. Batavian Bank*, 77 Wis. 501, 20 Am. St. Rep. 136.  For the reasons for the rule see the opinion of Mr. Justice ORTON in the case last cited.  To the same effect is the decision of this court in *Kinsey v. Ring*, 83 Wis. 536; and see, also, *Fera v. Wickham*, 135 N. Y. 223.

The case at bar differs widely from that class of cases, and turns upon a different principle.  Here it was not the indebtedness of the insolvent debtor that was not due when the assignment was made, but a portion of the indebtedness from the plaintiffs to the assignee of the insolvent debtor.  An assignee of such insolvent debtor has no authority to waive the time of credit secured for the sole benefit of his assignor, and pay a debt not due, with credits or the avails of credits which are due to the assignor at the time of making the assignment, for to do so would tend to prejudice the creditors of the insolvent's estate; but a debtor to such estate, whose debt was not due at the time of the making of such assignment, has the authority to waive the time of credit which was secured for his own benefit, and pay the same at once in money or by way of setoff of the amount due him from such estate.  This rule is firmly settled in other states, and has in effect been sanctioned by this court.  *Lindsay v. Jackson*, 2 Paige, 581; *Smith v. Felton*, 43 N. Y. 419; *Smith v. Fox*, 48 N. Y. 674; *Rothschild v. Mack*, 115 N. Y. 1; *Richards v. La Tourette*, 119 N. Y. 54; *McCagg v. Woodman*, 28 Ill. 84.  The case last cited is very

much like the one at bar, and it was held that "where a party has funds deposited with a banker, who holds the promissory note of the depositor, the latter may insist that his note shall be satisfied out of the deposit, although the banker, before the note became due, had voluntarily assigned all of his effects for the benefit of creditors." So, in *Smith v. Felton, supra,* it was held "that the amount of a partnership deposit with an insolvent banker was a proper subject of setoff in an action brought by the assignee in trust for creditors of such banker, on a note held by the banker, made by one of the partners and indorsed by the other for partnership purposes, although such note was not due at the time of the assignment." As pointed out by Chancellor WALWORTH in *Lindsay v. Jackson, supra,* and in the opinions of the courts in some of the other cases cited, a court of equity will permit such equitable setoff whenever justice requires it, even in a case not coming within the statute of setoffs. Thus, it has been held by this court that "a judgment against an *insolvent* firm is a good equitable setoff to a debt to *one* of the partners from the judgment creditor or his assignee." *Seligmann v. Heller Brothers' C. Co.* 69 Wis. 410. We are forced to conclude that the plaintiffs or petitioners were entitled to the setoff as prayed.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.