JOHNSTON, Appellant, vs. HUMPHREY, Assignee, Respondent.

*September 10 — September 26, 1895.*

*Setoffs: Voluntary assignment: Banks and banking.*

1. Equity will not deny in assignment proceedings a right of setoff expressly given by statute.
2. The rights of a debtor of an assigning banker as to setoffs under sec. 4258, R. S., become fixed at the time the assignment is completed, and not at the time when the bank closes its doors.
3. A debtor of a banker may purchase his certificates of deposit and. become the owner thereof in good faith, within the meaning of sec. 4258, R. S., although prior to such purchase the bank has closed. its doors.

APPEAL from an order of the circuit court for St. Croix. county: E. B. BUNDY, Circuit Judge. *Reversed.*

It appears from the record that on and prior to June 8, 1893, Alfred J. Goss was doing a banking business at Hudson, under the name and style of "Hudson Savings Bank;" that said bank was not incorporated, and said Goss was sole owner thereof; that the bank was open and did business during June 8, 1893, but the next day closed its doors, and has not since done any business; that June 15, 1893, said Goss made a voluntary assignment for the benefit of his creditors to said *Humphrey*, who duly qualified as such, and which assignment included all the assets of the Hudson Savings Bank; that at the time the doors of said bank were so closed the plaintiff was indebted to said Goss to the amount

of $70,000, of which amount about $10,000 was then due or became due prior to said assignment; that the remainder was not due at the time of said assignment; that between June 9, 1893, and June 14, 1893, the plaintiff purchased and became owner of ten several certificates of deposit in said bank, issued by said Alfred J. Goss, aggregating about $10,000, and the plaintiff asks that the same may be allowed as setoffs against so much of his indebtedness as was due when said assignment was made. From an order refusing to allow such setoffs the plaintiff appeals.

For the appellant there was a brief by *W. F. McNally* and a separate brief by *Baker & Helms*, and oral argument by *E. W. Helms*. They argued, among other things, that the appellant in claiming the right to set off the certificates in question is within the strict letter of the statute and must therefore succeed unless an exception can be interpolated into the statute by judicial construction, or unless some other statute or legal principle controls or modifies it. Admitting, for the sake of argument, that the allowance of the setoff might give him a preference, it would be a preference not forbidden by any law in this state. If any statute of this state provided that the rights of creditors should be fixed at the time of the commission of an act of insolvency, or that the assets of all insolvent debtors should be deemed impounded for the benefit of creditors, or that all preferences made by debtors in failing circumstances should be void, such a statute might modify our statute of setoff. It might be held that a creditor of an insolvent could not reap an advantage under the statute of setoff which was forbidden by another statute. But there is no statute forbidding preferences in this state. It is only preferences by voluntary assignment that are forbidden. Sec. 1693*a*, S. & B. Ann. Stats.; *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 201; *Menzesheimer v. Kennedy*, 75 id. 411; *Landauer v. Vietor*, 69 id. 434. The cases in Michigan, Massachusetts, and New

York are therefore distinguishable. In this state the rights of creditors are not fixed and no title passes to the assignee until the assignment is complete and the bond filed. *Oatman v. Batavian Bank,* 77 Wis. 501; *Hanson v. Dunn,* 76 id. 455; *Grever v. Culver,* 84 id. 295; *Wadleigh v. Merkle,* 57 id. 517; *Clark v. Lamoreaux,* 70 id. 510; *Farwell v. Webster,* 71 id. 485; *Jones v. Piening,* 85 id. 267. As to the right to set off against the assignee claims purchased after knowledge of the insolvency, see *In re City Bank,* 6 Nat. Bank Reg. 71; *Hovey v. Home Ins. Co.* 10 id. 224; *Mattocks v. Lovering,* 3 Fed. Rep. 212; *Mattox v. Cady,* 7 Am. Law Record, 613; *Lloyd v. Turner,* 5 Sawyer, 463; *Aldrich v. Campbell,* 4 Gray, 284; *Moseby v. Williamson,* 5 Heisk. 278; *Smith v. Mosby,* 9 id. 501.

For the respondent there was a brief by *Spooner, Sanborn, Kerr & Spooner,* and oral argument by *A. L. Sanborn.* They contended, *inter alia,* that when a court, in settling the affairs of an insolvent, allows the mutual debts of the insolvent and his creditors to be offset and a balance struck, this power is exercised not by virtue of the statute but in the application of general principles of equity. That the rules of setoff prescribed by the general statute upon the subject are usually enforced, argues not at all that the statute itself is binding, but is merely evidence that the general rule of the statute is, in the particular instance, consonant with the rule of equity. *Van Wagoner v. Paterson G. L. Co.* 23 N. J. Law, 283; *Aldrich v. Campbell,* 4 Gray, 284; *Clarke v. Hawkins,* 5 R. I. 219; *Hitchcock v. Rollo,* 3 Biss. 276; *Kinsey v. Ring,* 83 Wis. 536; *Seligmann v. Heller Bros. C. Co.* 69 id. 410; Burrill, Assignments (6th ed.), § 361, note. Upon Goss's closing the doors of his bank the rights of his creditors became fixed, and the petitioner could not obtain a priority over other creditors by purchasing certificates of deposit; or, if the rights of creditors were not fixed absolutely, so as to preclude proceedings by attachment or gar-

nishment, yet by the purchase of the certificates in question the petitioner acquired no greater interest in the assets of Mr. Goss than was possessed by their original holders, and it would be inequitable to allow him to set them off at their face against his debt. *Stone v. Dodge,* 96 Mich. 514, 21 L. R. A. 280; *Smith v. Hill,* 8 Gray, 572; *Hitchcock v. Rollo,* 3 Biss. 276; *Sawyer v. Hoag,* 17 Wall. 610; *McLaren v. Pennington,* 1 Paige, 102; *In re Receiver of Middle Dist. Bank,* id. 585; *Bank of Niagara v. Rosevelt,* 9 Cow. 409; *Diven v. Phelps,* 34 Barb. 224; *Dickson v. Evans,* 6 Term, 57; *Kennedy v. N. O. Sav. Inst.* 36 La. Ann. 1; *Clarke v. Hawkins,* 5 R. I. 219; *Smith v. Brinckerhoff,* 8 Barb. 519; *S. C.* 6 N. Y. 305; *Richter v. Selin,* 8 Serg. & R. 425; *Ex parte Stone,* 1 Glyn & J. 191.

CASSODAY, C. J.　The statute provides, in effect, that a demand by one party may be set off against and as a defense, in whole or in part, to demands by the other party, whenever the demand arises upon contract, express or implied, if it existed at the time of the commencement of the action, and then belonged to the party claiming to set off the same, and was due to him in his own right, either as being the original contractor or payee, *or as being the assignee and owner thereof;* and that, if the contract has been *assigned* to the party, a demand existing against such party, *or any assignor of such contract,* at the time of his assignment thereof, and belonging to the opposite party, in good faith, before notice of such assignment, may be set off, to the amount otherwise recoverable upon such contract, whenever the demand be such as might have been set off against the party *or assignor* while the contract belonged to him; but, in case the action be upon a negotiable promissory note or bill of exchange, then such setoff can only be allowed when such note or bill has been assigned to the party "*after it became due.*"　R. S. sec. 4258.

The question whether the appellant is entitled to set off the certificates of deposit so purchased by him depends upon whether the rights of the parties under this statute became fixed at the time A. J. Goss closed his bank, June 9, 1893, or at the time he made a general assignment for the benefit of his creditors, June 15, 1893. It has heretofore been supposed by this court that "the rights of the creditors and debtors of an insolvent assignor as to setoffs become fixed immediately upon the completion of the assignment, in analogy to the rule applicable to debtors and creditors in the case of a deceased insolvent." *Union Nat. Bank v. Hicks*, 67 Wis. 192; *Oatman v. Batavian Bank*, 77 Wis. 503; *Jones v. Piening*, 85 Wis. 267. The same rule has been recognized in other states. *Smith v. Brinkerhoff*, 6 N. Y. 305; *Rothschild v. Mack*, 115 N. Y. 9; *Fera v. Wickham*, 135 N. Y. 225; *Peirce v. Bent*, 69 Me. 381. So it is held in England that, "where there are mutual dealings between a debtor and his creditors, the line as to setoff must, as a general rule and in the absence of special circumstances, be drawn at the date of the commencement of the bankruptcy." *In re Gillespie, Ex parte Reid & Sons*, 14 Q. B. Div. 963.

It is conceded that an equitable setoff may be allowed in a proper case without statutory authority. The question here presented is whether equity will refuse a right of setoff expressly given by statute. We find no case authorizing such refusal. On the contrary, the authorities all seem to agree that equity will follow and obey an express statute applicable to the case. 2 Story, Eq. Jur. §§ 1430–1437; *Bathgate v. Haskin*, 59 N. Y. 537; *Jordan v. Nat. S. & L. Bank*, 74 N. Y. 473; *Spaulding v. Backus*, 122 Mass. 554. Here the appellant seems to have a right of setoff, by the express language of the statute. There seems to be plenty of authority to support such right of setoff. *Lloyd v. Turner*, 5 Sawyer, 463, and cases there cited; *Mattocks v. Lovering*, 3 Fed. Rep. 212; *Peirce v. Bent*, 69 Me. 381; *Jordan*

*v. Sharlock,* 84 Pa. St. 368; *Collins v. McKee,* 6 Atl. Rep. 396; *Wilson v. Gabriel,* 4 Best & S. 243. Cases are cited where it has been held, in effect, that the setoff here would not be allowed. But it is believed those cases mostly arose under statutes which did not permit a creditor of an insolvent debtor to obtain a preference by attachment or otherwise. That is certainly so with the case of *Smith v. Hill,* 8 Gray, 572, as will appear by reference to the following cases: *Shelton v. Codman,* 3 Cush. 318; *Andrews v. Southwick,* 13 Met. 535; *Ward v. Proctor,* 7 Met. 318; *Sprague v. Wheatland,* 3 Met. 416; *Bigelow v. Pritchard,* 21 Pick. 169. The same seems to be true as to the Michigan cases relied upon. *Stone v. Dodge,* 21 L. R. A. 280, 96 Mich. 514; *Bradley v. Thompson Smith's Sons,* 23 L. R. A. 305, 98 Mich. 449. So proceedings under the recent bankrupt act dissolved prior attachments within a certain limit of time. But no such statute exists in this state.

There can be no doubt, under the evidence, that the appellant purchased the several certificates of deposit mentioned for a valuable consideration, and became the owner thereof in good faith, within the meaning of sec. 4258, R. S. The mere fact that the bank had closed its doors did not prevent such purchase in good faith.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

