MERCHANTS' EXCHANGE BANK, Respondent, vs. FULDNER and another, Appellants.

*February 5 — February 18, 1896.*

*Promissory notes: Setoff: Banks and banking.*

A note given to a savings bank was pledged by it after it had become insolvent. Afterwards, and after the savings bank had failed, the note passed into the hands of another bank on account of an antecedent indebtedness of the savings bank, but no part of that indebtedness was paid by the note, nor was any new consideration given. The note was then past due. *Held,* in an action thereon by such other bank, that the makers might set off against the note the amount of their deposits in the savings bank at the time it failed.

. Merchants' Exchange Bank vs. Fuldner and another.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

A statement of the main facts out of which this case arises will be found in *Burnham v. Merchants' Exchange Bank, ante,* p. 277. It is not necessary to repeat the statement here. The action is upon a promissory note for $10,000, executed by the defendants to the South Side Savings Bank, and by it indorsed and transferred, before maturity, with other notes, as collateral security for a loan of $90,000. The plaintiff claims to have obtained title to it by means of the writing of July 14, 1893. All the notes which so came to its hands were, in the aggregate, of less face value than the amount of its claim against the savings bank. The defendants paid to Bigelow $7,500 upon this note, and claim an offset large enough to extinguish the balance. The offset grows out of these facts: The savings bank was insolvent when it pledged the note to Bigelow. When the plaintiff received it, it was past due. When the savings bank went into the hands of the receiver, the defendants had deposits in that bank, subject to their check, amounting to the sum of $2,608.34, no part of which has been paid to them. This they ask to have set off against the note in this action.

A verdict was directed for the plaintiff for the full amount remaining unpaid upon the note. From judgment on that verdict this appeal is taken.

For the appellants there were briefs by *Turner, Bloodgood & Kemper,* attorneys, and *W. J. Turner,* of counsel, and oral argument by *W. J. Turner.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *Charles Quarles.*

NEWMAN, J. The sole question is whether the appellants are entitled to set off, in this action, the amount of their deposits against this note. It is not claimed that the plaintiff is a *bona fide purchaser* of the note, or has a better title than

the savings bank had.   It obtained the note on account of the antecedent indebtedness of the savings bank.   But no part of that indebtedness was paid by it, nor was any new consideration whatever given; so it had no immunity against defenses not possessed by its assignor.   This setoff would have been good against the savings bank at the time when it put the note into the hands of Bigelow.   It was insolvent then.   It would have been good against the note in the hands of the receiver or of an assignee of the bank for the benefit of its creditors.   This is fully discussed and settled in *Jones v. Piening*, 85 Wis. 264.   The plaintiff stands in no better position.

*By the Court.*— The judgment of the superior court of Milwaukee county is reversed, and the cause is remanded for a new trial.