Maxcy, Receiver, Appellant, vs. City of Washburn and another, Respondents.

*March 6—October 9, 1928.*

For the appellant there were briefs by *L. W. Hull* and *Simon Horwitz*, attorneys, both of Oshkosh, and *Olin & Butler* of Madison, of counsel, and oral argument by *Mr. Hull* and by *Mr. R. M. Rieser* of Madison.

For the respondents the cause was submitted on the brief of *Lamoreux & Cate* of Ashland, attorneys for the City of Washburn, and that of *Walsh & Morris* of Washburn, attorneys for the First National Bank of Washburn.

The following opinion was filed April 3, 1928:

STEVENS, J. (1) The case presents the question of the right of the city to offset a claim against the water company which accrued prior to the appointment of a receiver, against a claim due the receiver which matured after his appointment. The receiver's claim includes hydrant rentals for the period of six months, part of which had elapsed be-

fore the receiver was appointed, but these rentals did not become due and payable until after the appointment of the receiver.

"The general rule undoubtedly is that a receiver takes subject to setoffs which the defendant might have set up against the original owner." *Colton v. Drovers' B. & L. Asso.* 90 Md. 85, 91, 45 Atl. 23, 46 L. R. A. 388, 391. See, also, *State v. Brobston,* 94 Ga. 95, 99, 21 S. E. 146; *Cook v. Cole,* 55 Iowa, 70, 72, 7 N. W. 419. But "the line as to setoff must, as a general rule and in the absence of special circumstances, be drawn at the date of the commencement of the bankruptcy" (*Johnston v. Humphrey,* 91 Wis. 76, 80, 64 N. W. 317), "in analogy to the rule applicable to debtors and creditors in the case of a deceased insolvent." *Jones v. Piening,* 85 Wis. 264, 267, 55 N. W. 413.

As to hydrant rentals accruing after the receiver was appointed, "it would seem clear that the right of offset did not exist. The right of its creditors then became fixed, and they were entitled to have the rents accruing thereafter impounded by the trustee in bankruptcy [or receiver in this case] so that the same might be applied in settlement of their claims." *Citizens Sav. & T. Co. v. Rogers,* 162 Wis. 216, 226, 155 N. W. 155.

The manifest reason for this rule is that the property of the debtor as it comes to the possession of the receiver is a trust fund which must be administered for the benefit of all the creditors of the debtor. "All creditors must be treated alike, and their rights are fixed at the date" of the appointment of the receiver. *Oatman v. Batavian Bank,* 77 Wis. 501, 503, 46 N. W. 881. See, also, *Harrigan v. Gilchrist,* 121 Wis. 127, 237, 99 N. W. 909; *In re Hamilton,* 26 Oreg. 579, 38 Pac. 1088, 1090; 4 Pomeroy, Eq. Jur. § 1608.

To allow claims against the water company to be offset against the claims due the receiver in his official capacity would prevent "the equal distribution of the assets of the

estate, and tend to the prejudice of the claims of other creditors." *Oatman v. Batavian Bank,* 77 Wis. 501, 504, 46 N. W. 881. See, also, *McLaughlin v. Winner,* 63 Wis. 120, 124–125, 23 N. W. 402. Such offset would give the city an unwarranted preference in the distribution of the assets of the water company which came to the hands of the receiver. *Colton v. Drovers' B. & L. Asso.* 90 Md. 85, 45 Atl. 23, 46 L. R. A. 388, 391.

The trial court held that the hydrant rentals earned between January 1, 1925, and the time of the appointment of the receiver became the property of the receiver, and that the lien given the bank by sec. 304.21 of the Statutes was suspended during the period of the receivership. This ruling is not questioned in the briefs and has not been considered by the court.

Upon the issues presented on this appeal, the receiver is entitled to judgment against the city for the amounts found due by the court, without any offset because of the payment made by the city for the water service supplied during the last six months of 1924.

*By the Court.*—Judgment reversed, and causes remanded for further proceedings in accordance with this opinion.

A motion for a rehearing was denied, without costs, on October 9, 1928.