## COLEMAN et v
## WINTERS NATIONAL BANK & TR CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1239. Decided Feb 2, 1934

William A. Roger, Dayton, and John E. Coleman, Dayton, for plaintiff in error.

Hubert A. Estabrook, Dayton, D. W. Iddings, Dayton, S. G. Kusworm, Dayton, and Rowland McKee, Dayton, for defendant in error.

416

**OPINION**

By KUNKLE, J.

We shall not attempt to review these authorities in detail. It will be unnecessary for us so to do as the same are not only contained in the briefs but were discussed during the oral argument.

There is a conflict in the decisions of the courts of different jurisdictions upon this question. The conflict is sharp. Counsel for plaintiff in error in their brief cite decisions from the Supreme Court of sister states wherein the court of last resort of such states has decided the question in favor of plaintiff in error.

A few of the cases so cited might be distinguished from the case at bar, but some of the cases so cited by counsel for plaintiff in error can not be so distinguished.

Counsel for defendant in error have also cited the decisions of the Supreme Court of different states, and also a Federal decision which clearly held to the contrary.

We have considered these authorities with care. We shall not attempt to review all of the authorities cited by counsel in detail, but will announce the conclusion at which we have arrived after a consideration of such authorities. We, however, quote portions of the syllabus in some of the cases, as follows, viz:

In the case of Butler v Tennicliffe et, being a decision by the Supreme Court of Florida reported in the 140 Southern Reporter at page 201, second paragraph of the syllabus is as follows:

"In action by liquidator for rent accruing after bank's insolvency under lease antedating insolvency, defendant can not set off amount on deposit when bank fails."

In the case of Wasson v White, reported in Federal Reporter, second series, Vol. 12, page 109, and being a decision by the United States District Court of Oklahoma the syllabus is as follows:

"A depositor in an insolvent National Bank can not set off his deposit against a debt due the receiver which accrued after the receivership."

This was an action by the receiver of the bank to recover $600 and interest, rental on store room.

In the case of White v Wasson, reported in 246 Pacific Reporter, page 445, being a decision by the Supreme Court of Oklahoma in the same case above referred to, the second paragraph of the syllabus is as follows:

"A bank deposit can not be pleaded as an offset against an indebtedness arising after dissolution of the bank."

See also the reasoning of the court as found in the following cases:

Crandall v Rappaport, N. Y. Supp. Vol. 233, page 32.

Darby v Brandt et, N. Y. Supp. Vol. 90, page 980.

Chicago Architectural Iron Works v McKey, 111 App. Court, Vol. 93, page 244.

Washburn Water Works Co. v City of Washburn, Supreme Court, Wisconsin, 218 N.W. Rep., 825.

From our examination of the authorities cited, we are of opinion that the weight of authority and the better reasoning as found in such authorities, supports the contention of defendant in error.

Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.