The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Complainant, v. Bank of Harvey, Defendant.
John W. Blair, Petitioner, Appellee, v. R. A. Pascoe, Receiver of the Bank of Harvey, Respondent, Appellant.

Gen. No. 37,435.

Opinion filed June 11, 1934.

GLENN, SCHWARTZ, REAL & BROWNING, for appellant; J. ROY BROWNING and HAROLD E. BAILY, of counsel.

HENRY T. CHACE, JR., for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the receiver of the Bank of Harvey seeks to reverse an order or decree of the circuit court of Cook county ordering the receiver to set off the sum of $3,789.81, being the balance in the checking account of the Bank of Harvey standing in the name of Mrs. J. W. Blair against the balance due on the note of her husband, John W. Blair.

The record discloses that the State Bank of Harvey was closed by its board of directors January 11, 1932, and on March 1, 1932, the auditor of public accounts appointed a receiver of the bank. The appointment was later confirmed by the circuit court of Cook county.

The evidence shows that prior to 1923, John W. Blair carried a checking account with the Bank of Harvey, and on December 3, 1923, he had a balance of $2,879.14 in this account. On that date he withdrew $2,600 from his account and opened a checking account in the Bank of Harvey, for that amount, in the name of his wife, Mrs. John W. Blair. The bank delivered a signature card to him, he took it home and obtained his wife's signature, and at the same time the wife gave him authority to draw checks against the account. The signature card was returned to the bank and a passbook issued in the name of John W. Blair, showing a deposit of $2,600. Twenty-five days thereafter, viz., December 28, 1923, Blair closed out his checking account and thereafter the only account in the bank was the one that stood in the name of Mrs. Blair, as above stated and that account was carried in the bank from 1923 until the bank closed in January, 1932.

The evidence further shows that after the account was opened for $2,600, moneys were deposited from time to time by John W. Blair, all of which belonged to him and had been obtained by him from the practice of his profession as a doctor, and from business ventures; that he drew checks on the account from time to time for many years and that checks were also drawn by his wife, principally to pay the grocer and butcher, and matters of a similar nature. The evidence further shows that Blair borrowed money from time to time from the bank after the $2,600 account was opened and deposited the proceeds of the money thus borrowed in the account standing in the name

of his wife, as above stated. June 8, 1931, he borrowed $14,500 from the bank and made his collateral promissory note to the bank for that amount, due six months after date and pledged certain collateral as security. Afterwards he paid $4,500 on account of this indebtedness and on December 28, 1931, executed a new note to the bank for the balance of $10,000; he also pledged collateral as security for the payment of this note. Afterwards the bank pledged the note and collateral to the First National Bank of Chicago, with other collateral, to secure its note which was held by the latter bank at the time of the appointment of the receiver of the Bank of Harvey. March 20, 1932, Blair paid the First National Bank $6,000 on account of his note, leaving a balance due of $4,000. Some time thereafter, the receiver of the Bank of Harvey paid the balance of the indebtedness of that bank to the First National Bank and Blair's note and most of the collateral were returned to the receiver. The proceeds of the $14,500 note were deposited in the account. These proceeds were withdrawn by Blair and none of this money was in the bank when it closed.

Blair testified that he changed the account to his wife's name for business reasons; that he did this because he might die suddenly as he had been affected for some time with a heart lesion, and wanted the account so that his wife could draw the money without difficulty. After Blair's note and collateral were returned to the receiver, Blair requested the receiver to offset the balance due in the account of $3,789.81 against the $4,000 note, which request was refused. Blair also offered to pay his stock liability of $500 on account of his ownership of five shares of stock of the bank.

Blair's petition praying that the offset be allowed, and the answer of the receiver thereto, were referred to a master in chancery who took the evidence, made

up his report and recommended that the prayer of the petition be denied. Exceptions were sustained to the report and the order or decree, directing the offset, was entered.

We think all the evidence shows that from 1923, when the account was opened by Blair in the name of his wife, until the bank closed January, 1932, a period of more than eight years, all of the moneys put in the bank belonged to Blair and not to his wife. The money came from the practice of his profession as a doctor, and from investments. No money in the bank belonged to Mrs. Blair. Blair drew checks against it and Mrs. Blair drew small amounts to pay household expenses. The money being Blair's and not Mrs. Blair's, obviously he was entitled to have the balance in the bank set off against the amount remaining due on his note. It has long been the settled rule of law in this State that a depositor indebted to a bank which is closed on account of insolvency, may reduce his indebtedness by setting off his deposit. *State ex rel. Nelson v. Bank of Harvey,* 273 Ill. App. 56; *McCagg v. Woodman,* 28 Ill. 84; *Scott v. Armstrong,* 146 U. S. 499; *Yardley v. Philler,* 167 U. S. 344; *Streeter v. Junker,* 230 Ill. App. 366.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.