BANKING COMMISSION, Receiver; Respondent, vs. BITKER, Appellant.

*November 7—December 4, 1934.*

For the appellant the cause was submitted on the brief of *Lines, Spooner & Quarles,* attorneys, and *Leo Mann* of counsel, all of Milwaukee.

For the respondent there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *W. J. Goldschmidt* of counsel, all of Milwaukee, and oral argument by *Mr. Goldschmidt.*

FRITZ, J. Defendant contends that the court erred in sustaining plaintiff's demurrer to his counter-claim, and in holding that he could not set off the bank's indebtedness to him, as a depositor, against his stockholder's liability under sec. 221.42, Stats. That section, so far as here material, provides,—

"The stockholders of every bank shall be individually liable, . . . for the benefit of creditors of said bank to the amount of their stock at the par value thereof, in addition to the amount invested in said stock. · . . . Such liability shall accrue and become due and payable as to the stockholders of any bank forthwith, upon the commissioner of banking taking possession of the property and business of such bank under the provisions of the statutes, and may be enforced by him, in an action brought in his name. . . ."

The obligation thereby imposed upon stockholders is a statutory liability created expressly "for the benefit of creditors of said bank;" and it accrues only upon the Commis-

sioner of Banking taking possession of the bank's assets under the statutes. Prior to the occurrence of that event, there had not accrued any liability under sec. 221.42, Stats., in favor of the bank, which was enforceable by it in the capacity of a creditor of the defendant, or against which he had become entitled to set off indebtedness due him by the bank.

Under the circumstances, the proposed set-off fails to meet the requirement that in order to have the right of set-off under sec. 331.07, Stats., the demands of the respective parties must be subsisting and due between the same parties in the same capacity or right. Thus, in *Maxcy v. Washburn,* 196 Wis. 566, 568, 218 N. W. 825, it was held that a defendant in a suit on a claim, which accrued in favor of a receiver of a corporation after his appointment, could not set off a claim against the corporation, which had accrued in the defendant's favor prior to the appointment of the receiver. Although the general rule "that a receiver takes subject to set-offs which the defendant might have set up against the original owner," was recognized, the court held that no such right of set-off exists against a demand which accrues after the time of the appointment of the receiver; that the rights of creditors became fixed as of that time; and that they were entitled to have demands accruing thereafter impounded by the receiver so that they could be applied in settlement of their claims. *Citizens S. & T. Co. v. Rogers,* 162 Wis. 216, 155 N. W. 155; *Jones v. Piening,* 85 Wis. 264, 55 N. W. 413, and other decisions of this court were cited in support of those propositions.

In *John v. Maryland Cas. Co.* 207 Wis. 589, 596, 242 N. W. 201, 203, receivers sued to recover from the defendant for a default which occurred after their appointment under a bond by which the defendant had agreed to indemnify the receivers. The defendant counter-claimed by pleading as set-offs demands owing to defendant on judg-

ments which it had recovered against the plaintiffs' assignor. In sustaining the receivers' demurrer to that counter-claim, this court said,—

". . . it is clear that the judgments rendered against the plaintiffs' assignor are not pleadable as offsets in this action brought by the plaintiffs in their own right against the defendant. The subject matter of the action brought by the plaintiffs is the liability of the defendant tó the plaintiffs by virtue of its indemnity contract issued to the plaintiffs. The estate of the settlor being in the hands of the plaintiffs as trustees to be administered by them for the benefit of all the creditors, the judgment of the defendant against the plaintiffs' assignor is not entitled, under the chapter relating to setoffs, to be offset against the claim of plaintiffs suing in their own right. The defendant has failed to distinguish between a liability owing by it directly to the plaintiffs in their own right and a liability owing by the defendant to plaintiffs as successors of their assignor. Such a liability does no more than make the defendant a claimant against the trust estate. If plaintiffs were suing upon a claim due to their assignor, an entirely different question would be presented."

Consequently, as the defendant's demand was against the bank, and not a liability incurred by the Banking Commission, it cannot be set off in this action to recover on the demand against defendant under sec. 221.42, Stats., which did not accrue until the commission took possession of the bank's assets for the benefit of the creditors of the bank, and which is not owing by the defendant to the commission as the mere successor of the bank. Decisions holding that a stockholder, when sued by a receiver to enforce statutory superadded stockholder's liability, cannot set off against such liability an indebtedness of the corporation to him, are cited in a note to 40 A. L. R. 1184, in connection with report of *Reimers v. Larson,* 52 N. D. 297, 202 N. W. 653. See also *Andrews v. State,* 124 Ohio St. 348, 178 N. E. 581; *McDonald v. McFerson,* 80 Colo. 4, 249 Pac. 496.

*By the Court.*—Order and judgment affirmed.