Edward Newcomb, as Receiver, etc., Respondent, v. Charles Almy, Appellant.

At the time of the appointment of plaintiff as receiver of the A. M. L. Ins. Co., that company held certain claims against defendant; defendant held two endowment policies not yet due issued by that company, by the terms of each of which it agreed to pay the sum insured to his wife in case of his death prior to a date specified, if he was living at that date to pay the sum to him. In an action upon said claims, *held*, that defendant was not entitled to set off the reserve value of the policies.

(Argued April 30, 1884; decided June 17, 1884.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered the third Tuesday of November, 1883, upon a controversy submitted under section 1279 of the Code of Civil Procedure.

The facts submitted are substantially set forth in the opinion.

*Rufus W. Peckham* for appellant. A set-off could be allowed against the receiver. (2 R. S. 464, m. p., § 42; id. 469, m. p., § 68; *In re Van Allen*, 37 Barb. 225; 2 R. S. 47, m. p., § 36; *Holbrook* v. *Rec'r Am. F. Ins. Co.*, 6 Paige, 220; *Osgood* v. *DeGroot*, 36 N. Y. 348; *In re Rec'rs* v. *Globe Ins. Co.*, 2 Edw. Ch. 625; *New Amsterdam Sav. B'k* v. *Taitor*, 4 Abb. N. C. 215; *Green* v. *Disbrow*, 79 N. Y. 1; *Com.* v. *Shoe & Leather Ins. Co.*, 112 Mass. 131; *Lindsay* v. *Jackson*, 2 Paige, 581; *Gay* v. *Gay*, 10 id. 369; *Smith* v. *Felton*, 43 N. Y. 419; *Md.* v. *Holbrook*, 4 Edw. Ch. 539; *Seymour* v. *Dunham*, 24 Hun, 93; *Flazle* v. *Dillard*, 5 Leigh [Va.], 30; *Beaver* v. *Beaver*, 23 Penn. St. 167.) In the absence of any statute an equitable set-off will be allowed in a proper case. (*Lindsay* v. *Judson*, 2 Paige, 581; *Bathgate* v. *Haskin*, 59 N. Y. 533; *Green* v. *Farmer*, 4 Burr. 2220; *Smith* v. *Felton*, 43 N. Y. 419; *Davidson* v. *Alfaro*, 16 Hun, 353; *S. C.*, 80 N. Y. 660; *Com.* v. *Shoe & Leather Ins. Co.*, 112 Mass. 131.) The appointment of a receiver and the consequent winding up of the company terminated all its contracts, *i. e.*, so far as to make it necessary to put a present value upon them all and to deter-

mine to whom the amount should be presently payable. (*Att'y-Gen'l* v. *R. A. L. Ins. Co.*, 82 N. Y. 172–186, 194.) The fact that the loss had not occurred does not affect the question. (*People* v. *Security Life Co.*, 78 N. Y. 114; *Vanatta* v. *N. J. Mut. L. Ins. Co.*, 31 N. J. Eq. 15.) Under the United States Bankrupt Act, where the section relating to set-off as between assignee and creditor is quite similar to our 2 Revised Statutes, marginal page 47, section 36, a set-off has been allowed on facts very much like those here. (*Drake* v. *Rollo*, 2 Ins. L. J. 935; *Hoxey* v. *Home*, 3 id. 815.) The fact that collateral security was given the company by appellant, in connection with the note, does not affect the question. (*Com.* v. *Shoe & Leather Ins. Co.*, 112 Mass. 113.)

*Charles J. Buchanan* for respondent. Defendant is entitled to no preference over other creditors of the same class who have, by order of the court, received only twenty-five per centum of their claims. (*People* v. *Security Life, etc.*, 78 N. Y. 114; *Lawrence* v. *Nelson*, 21 id. 421; Waterman on Set-off, § 191.) In solvent companies, able to pay all their losses, mutual claims may be set off each against the other. Insolvency changes the rule. (May on Insurance [2d ed.], § 596; *Lawrence* v. *Nelson*, 21 N. Y. 421.)

EARL, J. On the 7th day of December, 1871, the Atlantic Mutual Life Insurance Company issued upon the life of Charles Almy a paid-up endowment policy, by which it agreed to pay Mary A. Almy the sum of $1,454, in the event that Charles died before December 7, 1880, or, in the event of his living at that time, to pay that sum to him. On the same day it issued another paid-up endowment policy for $2,240 upon the same life for the term of fourteen years, and the company agreed to pay the amount insured to Mary A. Almy upon the death of Charles, or in case he should live until the 7th of December, 1885, to pay the amount to him. The reserve value of these two policies at the time of the appointment of the plaintiff as receiver in August, 1877, was $2,779.95. At that time the

company held against Almy a past-due promissory note for $2,000, and he was also indebted to it for $226.31 for money had and received.

The plaintiff seeks to enforce payment from Almy of the amount of the note, and money had and received; and he claims an offset for the reserve value of the two policies; and the question for our determination is whether he is entitled to such offset.

At the time of the appointment of the plaintiff as receiver these policies had not become due, and it was not, therefore, known to whom they would be payable. The time had not come when, by the termination of the policies, either of them was payable, either to Almy or his wife. If he died before the times mentioned in the policies, then the sums became payable to his wife; if he survived those periods, they became payable to him. Hence both he and his wife were interested in the policies. He had no right without her consent to destroy or discharge the policies, and she had no right to do so without his consent. The policies did not belong exclusively to either. It is true that they had a reserve value at the time when plaintiff was appointed receiver, and for that value they were entitled to their *pro rata* share from the assets of the company. But to whom was that value payable? It did not all belong to Almy at that time, neither did it all belong to his wife. It could not then be known to whom it would ultimately be payable. Neither one could at that time demand payment of that value, or receipt for or discharge it. Either one could claim that the money should be paid into court, and invested under its direction to await the event upon which it would be determined to whom it was payable. Under such circumstances it is impossible to say that at the time of the appointment of the plaintiff as receiver the money was due to Almy, in such a sense that he could avail himself of it as an offset.

It is true that one policy by its terms matured on the 7th of December, 1880, so that at the time this action was commenced the defendant was solely interested in that policy, and was solely entitled to the reserve value thereof. But that value was not

due at the time the plaintiff was appointed receiver, and hence is not available as an offset. (*Myers* v. *Davis*, 22 N. Y. 489 ; *Martin* v. *Kunzmuller*, 37 id. 396.)

Even if Almy had a special interest in the policies, the value of which might have been computed by tables in use by life insurance and annuity companies, the case contains no data for the computation of such value. He claimed to offset the whole of the reserve value, and as that did not wholly belong to him he was not entitled to the offset.

This is not a case of mutual credits between the insurance company and the defendant, within the meaning of 2 Revised Statutes, 47, section 36, and there are no principles of equity upon which this offset can be enforced.

We are, therefore, of opinion that no error was committed to the prejudice of the defendant in the court below, and its judgment should be affirmed, with costs.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.