OATMAN, Assignee, Respondent, vs. BATAVIAN BANK, Appellant.

*September 23 — October 14, 1890.*

*Setoff: Claims not due: Banks: Voluntary assignment.*

A bank cannot set off, against a deposit to the credit of an assignor for the benefit of creditors, a note held by it against him but not due at the time of the assignment.

APPEAL from the Circuit Court for *La Crosse* County.

Action by the assignee of Royal L. Reynolds to recover the amount of a deposit in the defendant bank to the credit of said Reynolds. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief signed by *Miller, Noyes & Miller,* of counsel, and oral argument by *M. P.*

*Wing* and *B. K. Miller, Jr.* To the point that a bank has an absolute right to apply a deposit of an insolvent to the payment of his paper whether due or not, they cited *Ex parte Howard Nat. Bank,* 2 Lowell, 488; 1 Morse on Banks (3d ed.), secs. 329, 337; *Ford's Adm'r v. Thornton,* 3 Leigh, 695; *Camden Nat. Bank. v. Green,* 45 N. J. Eq. 546; *Carr v. Hamilton,* 129 U. S. 255; *Skunk v. Merchants' Nat. Bank,* 19 Chi. Leg. News, 83; Waterman, Setoff (2d ed.), sec. 128, p. 149.

For the respondent there was brief by *Fruit & Brindley,* and oral argument by *John Brindley.*

ORTON, J.  On the 2d day of January, 1889, one Royal S. Reynolds, being insolvent, made a voluntary assignment of all his property to the respondent, for the benefit of his creditors.  At that time he had on deposit in the appellant bank, to his credit, the sum of $773.13.  At the same time the said bank held and owned the promissory note of said Reynolds for $1,000, executed by him to one S. Martindale, and indorsed to said bank by said Martindale, on the 3d day of July, 1888, to become due twenty days after date, with interest at eight per cent. per annum, and to bear ten per cent. interest after due.  The time of payment of said note had been extended from time to time by the said Reynolds paying the interest thereon in advance to such times; and finally, on the 6th day of December, 1888, the said Reynolds paid the interest thereon and the time of payment thereof was extended to the 31st day of January, 1889, so that at the date of said assignment said note was not yet due.

The respondent assignee demanded of the bank the payment of said deposit, and the bank refused, claiming, and still claims in this suit, that the note set off and canceled the deposit.  Whether the said note had been so extended was a question of fact on the trial, but the jury found that

it had been, and, as we think, on sufficient evidence. The bank held and owned other notes of the said Reynolds at the time the assignment was made, and they also had been extended beyond the date of the same, in the same manner of the said Martindale note, so that none of them were yet due. These other notes are not material, because the Martindale note is sufficient to cancel the said deposit, if it is allowed as a setoff thereto. The jury virtually found that none of the notes were due. The only remaining question, therefore, is one of law,— whether the Martindale note (or any of them) not being due at the date of the assignment, was a proper setoff against the amount of said deposit. The defendant requested the court to charge that it was, and the court instructed the jury that it was not if it was not due at the date of the assignment.

The learned counsel of the appellant contends that by virtue of a bank's equitable lien upon the deposit of its customer, as security for the payment of his indebtedness to the bank, and by virtue of an equitable setoff of one against the other in case of the customer's insolvency, a court of equity will decree such an application of what he owes to the bank, due or not due, although it might not be strictly a legal setoff. There is not only plausibility in this claim, but it seems to be sustained by some respectable authorities. This was never allowed at common law, but it seems to have long prevailed in cases of bankruptcy, according to *Carr v. Hamilton*, 129 U. S. 255. It is difficult to see why a bank should have this exceptional advantage over an individual creditor. By our statute (R. S. sec. 4258) the setoff in all cases must be due, and it makes no exception in favor of banks or on account of insolvency; and by our law of voluntary assignments all creditors must be treated alike, and their rights are fixed at the date of the assignment. *Union Nat. Bank v. Hicks*, 67 Wis. 189. In *Armstrong v. Pratt*, 2 Wis. 299, the defendant sought to set off

a debt which had not matured at the time of the death of the intestate against a claim the estate held against him as one of the assets of the estate. This was not allowed, for the reason that it would affect the equal distribution of the assets of the estate, and tend to the prejudice of the claims of other creditors. The same reasons would obtain in cases of voluntary assignment. If the estate in that case had been insolvent, then the distribution of the assets must have been *pro rata* and equal to the creditors, for the same reason that the assets of an insolvent assignor must be so distributed. The cases are alike in principle. This is as near as this court has ever decided the question involved in this case.

There might be special equities growing out of the transaction itself, through fraud or matters of trust, that might make an exception in favor of a bank, but mere insolvency of the debtor is no ground for such an exception; and, if the insolvent debtor has made an assignment for the benefit of his creditors, the reason is strong the other way. The learned counsel of the appellant cites 1 Morse, Banks, § 337, to the general doctrine that, " for any indebtedness accruing from the customer, the bank has the right of setoff," etc. In *Jordan v. Nat. S. & L. Bank*, 74 N. Y. 467, the court says that Mr. Morse has stated the rule too broadly, and that the bank has a lien on the funds of the depositor in its possession for the balance of the general account, *if that balance is due and payable.* The following authorities are cited in the brief of the learned counsel of the respondent as sustaining the rule that the demand claimed to be a setoff in such a case must have matured before the date of the assignment: *Bradley v. Angel*, 3 N. Y. 475; *Beckwith v. Union Bank*, 9 N. Y. 211; *Myers v. Davis*, 22 N. Y. 489; *Martin v. Kunzmuller*, 37 N. Y. 396; *Roberts v. Carter*, 38 N. Y. 107; *Jordan v. Nat. S. & L. Bank*, 74 N. Y. 467; *Newcomb v. Almy*, 96 N. Y. 308; *Richards v. La Tourette*,

Tuteur vs. The Chicago & Northwestern R. Co.

119 N. Y. 54; *Fuller v. Steiglitz,* 27 Ohio St. 355; *Lockwood v. Beckwith,* 6 Mich. 168; Burrill, Assignm. § 403; Pom. Rem. 185–204. There are many cases in Michigan that hold this rule, unless some special equities other than that growing out of insolvency should make an exception. It is correctly claimed that this is the rule by a great preponderance of the authorities. The learned counsel of the appellant cites but few cases, and some of them hardly dispute this rule. The rule that places a bank under the law on equality with all other creditors in such a case seems to be reasonable. The circuit court ruled correctly, and the jury properly found for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.