(23 Misc. Rep. 655.)

### LINDEN v. BRUSTEIN.

(Supreme Court, Appellate Term. June 6, 1898.)

1. REAL PARTY IN INTEREST—ASSIGNEE OF CLAIM.
     A plaintiff suing upon an assigned claim is the "real party in interest," under Code Civ. Proc. § 449, if he has a transfer valid as against the assignor, and holds the legal title to the demand.

2. IMPEACHMENT OF WITNESS—WAIVER.
     A party to an action, by calling one of his opponent's witnesses as his own, and examining him on his own behalf, thereby precludes himself from insisting on exceptions previously taken to rulings excluding testimony offered by him to impeach the credibility of the same witness.

Appeal from Second district court.

Action by Harris Linden against Samuel Brustein. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

John Callahan, for plaintiff.

A. H. Sarasohn, for defendant.

GILDERSLEEVE, J. The action is for a conversion, and the defense is a general denial, payment, and an allegation that plaintiff is not the real party in interest. The plaintiff is the assignee of one Simon Brinn. Code, § 449, requires every action to be prosecuted in the name of the real party in interest; but the rule is that a plaintiff suing upon an assigned claim "is the real party in interest, under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand; and the defendant has no legal interest

to inquire whether the transfer was an actual sale, or merely color-able, or whether a consideration was paid therefor. While such an inquiry may become material if the rights of creditors are involved, or when some defense or counterclaim against the assignor is sought to be interposed, it constitutes no defense on the ground that the plaintiff is not the real party in interest." See Sheridan v. Mayor, etc., 68 N. Y. 30. The assignment from Brinn to plaintiff was after the cause of action for the conversion had accrued, and the assignment trans-ferred the title of Brinn to the property, as well as to the cause of ac-tion. The plaintiff could maintain the action, and the consideration of the assignment was not material, so long as it was valid as between the parties to it. See McKeage v. Insurance Co., 81 N. Y. 38.

We do not think that there was reversible error in the refusal of the court to allow defendant's counsel to ask Brinn, on cross-examina-tion, the following questions: "Q. Then did you take out the sum-mons? Who paid for the summons in this case,—you or Linden?"— or the other similar questions referred to in the brief of the appellant. It is true that the court might well have allowed them, were it only with a view of tending to discredit Brinn's testimony by showing that he had an interest in the result of the action; but the refusal to do so, in view of all the testimony in the case, does not constitute such preju-dicial error as to warrant us in reversing the judgment. Brinn gives the details concerning the assignment. He says:

"I told Linden that I had a claim against Brustein, and, as I live uptown, there is too much trouble for me to sue him in my district court; and he wants to buy this claim of me,—that he should buy it, and sue him in this court. Q. What did Linden say? A. He was satisfied. He said, 'All right.' "

He swears the assignment was made, before the commencement of the action, at No. 57 Bayard street, in the house of Linden. There seems to be no doubt that the assignment was valid as against the assignor; and, as we have said, the defendant has no legal interest to inquire whether the transfer was an actual sale or only colorable, or whether there was any consideration paid therefor (see Sheridan v. Mayor, etc., supra), or what was the arrangement or understanding between the parties respecting the ultimate disposition of the proceeds of the recovery (see Moore v. Robertson, 25 Abb. N. C. 173, 11 N. Y. Supp. 798). The evidence is meager and unsatisfactory in many im-portant respects, but we think there is enough to warrant a finding of the facts above set forth. The plaintiff's assignor, Brinn, swears that on December 18, 1896, defendant bought $64.93 of him "on memoran-dum," with the understanding that, if the goods were not paid for, they were to be returned; that the goods were not paid for; that he demanded their return; and that they were never returned or paid for. Defendant admits that he owes plaintiff, or his assignor, $10 and some cents; but he claims that he had either paid for the rest, or re-turned the goods. He also denies that he ever bought as much as $64.93 of Brinn at any one time. On his cross-examination, Brinn is unable, apparently, to give the details of the bill of goods sold "on memorandum" to defendant, without recourse to his books for the pur-pose of refreshing his memory; and he merely says that the goods con-sisted of cloth. He, however, has furnished a bill of particulars,

which is annexed to the return, and which gives the details. As we have said, the testimony leaves much to be desired as to definiteness and clearness in many important particulars, but there appears to be sufficient evidence to sustain the finding of the trial justice in plaintiff's favor.

With regard to the point made under the amended return, that the justice refused to allow the defendant to put a witness on the stand for the purpose of impeaching the plaintiff's assignor, Simon Brinn, we may say the defendant had produced two witnesses, who were examined solely for the purpose of attacking the credibility of Brinn, and had called a third witness for the same purpose, when the justice refused to allow such witness to be sworn or examined, to which the attorney for defendant excepted. The defendant's attorney thereupon called Simon Brinn as a witness on behalf of the defendant, and examined him at length with respect to the merits of the action. This course appears to have been entirely inconsistent with the position which he had taken with respect to Brinn's credibility. By so doing, he gave him credit with the court, and precluded himself from following up the attack which he had made, and which, by his own act, he had in effect abandoned.

We do not find errors in the rulings of the justice as to the admission and exclusion of evidence of sufficient magnitude to require a reversal. It follows that the judgment, so far as assailed on this appeal, should be affirmed, with costs. All concur.