STAFFORD SECURITY Co., INC., Plaintiff, *v.* GEORGE KREMER and Others, Defendants.*

Municipal Court of New York, Borough of Manhattan, Ninth District, June 9, 1930.

*Joseph G. Abramson* [*Herman Joseph* and *Henry Waldman* of counsel], for the landlord.

*Pfeiffer & Crames* [*Alexander Pfeiffer* and *Jacob B. Goldberg* of counsel], for the tenants.

---

* Affd., 138 Misc. 783. See, also, 232 App. Div. 265, affg. 138 Misc. 783.

GENUNG, J. Summary proceeding is brought to recover possession of certain premises, situated in the building known as No. 9 East Forty-fifth street, in the borough of Manhattan, on the ground of non-payment of rent, due on March 1, 1930, payable quarterly in advance, amounting to $3,500.

The petition alleges that George Kremer, one of the above-named tenants, was the landlord of the entire premises, and that on March 1, 1927, he entered into a written lease with the other tenants above named, covering the entire premises in dispute, for the term of ten years; that the four tenants entered into possession of the premises, that the said George Kremer made a lease of the entire building to the Correll Real Estate Corporation for a term ending January 31, 1936; that the said lease from George Kremer to the said corporation was subject to the prior lease between the said George Kremer, as landlord, and the other Kremers, as tenants; that thereafter the said Correll Real Estate Corporation made an assignment of the lease to the Stafford Security Company, Inc., the landlord herein, and also of the sublease between George Kremer, as landlord, and the other Kremers, as tenants, which assignment was duly recorded on February 17, 1930. The said George Kremer has filed an answer, admitting that he is in possession of the premises, that he is the owner of the lease originally made between him, as landlord, and the other Kremers, as tenants, and the demand and non-payment of the rent demanded. The answer alleges six affirmative defenses.

The first defense is to the effect that the Correll Real Estate Corporation, the landlord's assignor, had leased certain premises, known as Nos. 1249–1251 Sixth avenue, in the borough of Manhattan, from George Kremer, as landlord, at an annual rental of $13,000, payable in equal quarterly installments in advance, on the first days of February, May, August and November in each year, and later modified so as to make the rent payable during the period commencing November 1, 1929, and ending October 31, 1930, in equal monthly installments of $1,083.33 in advance, together with the taxes levied on said property, and that, by reason thereof, on or before March 1, 1930, and also at the time of the alleged assignment from the Correll Real Estate Corporation to the landlord herein, there was due and owing to the tenant, George Kremer, from the said corporation the sum of $3,698.86, no part of which has been paid, and out of which the tenant seeks to set off against the landlord herein so much as will be sufficient to satisfy the claim for rent in this summary proceeding.

The second defense is to the effect that the Correll Real Estate Corporation, the landlord's assignor, had leased certain property, known as No. 5 East Forty-seventh street, in the borough of Man-

hattan, from one Louise A. Kremer, which lease was assigned prior to the commencement of this proceeding to the L. A. K. Realty Corporation, and later assigned to the tenant herein, at an annual rental of $22,000, payable in equal quarterly installments of $5,500 on the first days of February, May, August and November in each year in advance, together with the taxes levied on said property, and that by reason thereof, on or before February 1, 1930, and also at the time of the alleged assignment from the Correll Real Estate Corporation to the landlord herein, there was due and owing from the said corporation the sum of $9,193.65, no part of which sum has been paid, and out of which the tenant seeks to set off against the landlord herein so much as will be sufficient to satisfy the claim for rent in this summary proceeding.

The third defense is to the effect that it was agreed by and between the tenant, George Kremer, and the said Correll Real Estate Corporation that the said tenant might at his option " at any time, and from time to time, credit and set off any and all sums due and owing, and/or thereafter to become due and owing from said Correll Real Estate Corporation to the said George Kremer, against any sums that might become due and owing from the said George Kremer to the said Correll Real Estate Corporation, or its assignees, under and by virtue of a lease of the premises occupied by the said George Kremer at No. 9 East 45th Street, New York City," and that he elected to set off the sum of $3,500, the rent claimed in this proceeding.

The fourth defense is to the effect that the Stafford Security Company, Inc., the landlord herein, is not the real party in interest, but that the real party in interest is the Correll Real Estate Corporation.

The fifth defense is to the effect that the landlord, Stafford Security Company, Inc., at the time it claims to have taken an assignment of the lease, had knowledge of the claims and setoffs of the tenant, George Kremer, and that the alleged assignment was taken subject to the claims and setoffs of the said tenant against this said Correll Real Estate Corporation, the alleged assgnor of the landlord herein.

The sixth defense is to the effect that the alleged assignment from the Correll Real Estate Corporation to the landlord herein was and is the result of a collusive and fraudulent arrangement and scheme between the Correll Real Estate Corporation and the landlord herein, and is void and without proper consideration, and was unlawfully made for the purpose of attempting to defeat the claim of the tenant, George Kremer, against the Correll Real Estate Corporation, for moneys due to him from said corporation.

At the trial, before the court and jury, the court made a ruling, excluding testimony offered in support of the third, fourth and sixth defenses, and, as there was no dispute as to the amount of the rent and the non-payment and as to the amount of the alleged setoffs, reserved decision on motions by both attorneys for a directed verdict on the questions of law presented by the first and second defenses and setoffs. The Stafford Security Company, Inc., the landlord herein, was the assignee of the lease (*Collins* v. *Hasbrouck*, 56 N. Y. 157), and entitled to maintain this proceeding. The tenant, George Kremer, is not entitled to set off claims which have matured prior to the assignment of the lease from the Correll Real Estate Corporation to the Stafford Security Company, Inc., the landlord, against the claim for rent in this proceeding which accrued after the assignment. (*Newcomb* v. *Almy*, 96 N. Y. 308, 311; *Michigan Savings Bank* v. *Millar*, 110 App. Div. 670, 672; *Constant* v. *Barrett*, 14 Misc. 570.) The tenant seeks to set off claims arising, not out of the premises known as No. 9 East Forty-fifth street, but out of other premises and under different leases. The tenant cites, among other cases, *American Exchange National Bank* v. *Smith* (61 Misc. 49) and *Mandel* v. *Koerner* (90 id. 9), but they are not applicable here.

In *American Exchange National Bank* v. *Smith* the lease provided for the construction by the tenants of a new building, in accordance with certain specifications, and the building was completed. The lease further provided for the payment by the lessors to the lessees of $40,000 towards the cost of such building from time to time, as the construction proceeded. In other words, it was a lease coupled with a building loan. Of that sum only $10,000 was paid, and the balance of $30,000 was unpaid. Thereafter the lessors executed to the American Exchange National Bank a mortgage and agreement giving the bank possession of the premises and assigning to it all the leases of the undertenants, and the right to collect rents and apply the same to the mortgage debt and interest thereon. Sometime later, and prior to the mortgage, an oral agreement was made between the lessors and the lessees by which the lessees were to deduct the rents and retain and apply the same on the balance of $30,000. The opinion fails to disclose any mention of the right of the tenant to attack the assignment, and apparently that question was not presented. In *Mandel* v. *Koerner* the landlord's private bank had been taken over by the Superintendent of Banks for the purpose of liquidation, the landlord being bankrupt. The tenant was also a depositor in Mandel's bank, and he sought to set off his deposit against rent which became due after the Superintendent of Banks took over the bank. The court held that the tenant might

set off the amount owing to him against the rent. However, there was no assignment by Mandel of his interest in the property, whether fee or lease; he was in law still the owner and landlord; the Superintendent of Banks, under the law, was acting as an agent or trustee for Mandel, and the tenant was clearly within his rights in claiming a setoff of his deposit against the rent. The other cases cited may be distinguished. (*Costello* v. *Seidenberg*, 110 N. Y. Supp. 924; *Eagle Imp. Co.* v. *Wagner*, 91 Misc. 38.)

The alleged agreement, described in the third defense, being oral, is void as an attempt to modify a written instrument under seal, and is invalid unless and only if the terms of the modification have been wholly executed. (*Glassheim* v. *Miller*, 156 N. Y. Supp. 556; *Stevenson Brewing Co.* v. *Junction Realty Co.*, 156 App. Div. 271; *McKenzie* v. *Harrison*, 120 N. Y. 260.) The Stafford Security Company, Inc., the landlord, is the real party in interest, for it has a valid assignment as against the assignor, the Correll Real Estate Corporation, and the good faith of the assignment is not material and is not open to question in this proceeding. (*Sheridan* v. *Mayor, etc., of City of New York*, 68 N. Y. 30; *Linden* v. *Brustein*, 23 Misc. 655; *Friedman* v. *Schulman*, 46 id. 572; *Walcott* v. *Hilman* 23 id. 459; *Birdsall* v. *Read*, 188 App. Div. 46; *Hoppe* v. *Russo-Asiatic Bank*, 200 id. 460; *Spencer* v. *Standard Chemicals & Metals Corporation*, 237 N. Y. 479.)

While it is true " that a legal or equitable defense or counterclaim may be set up in such proceedings as if the controversy were in an action in which the subject of the claim was rent," in view of the ruling that the tenant is not entitled to the setoff claimed against the landlord herein, the allegations in the answer do not present an equitable defense or counterclaim, which would defeat the claim for rent in this proceeding.

The motion of the landlord for the direction of a verdict awarding it possession of the premises, for non-payment of the rent demanded, is granted, and the motion of the tenant, for the direction of a verdict, setting off the amount alleged to be due from the Correll Real Estate Corporation against the rent demanded and dismissing the petition, is denied, with ten days' stay of execution.