MATTEK, Plaintiff and Respondent, vs. HOFFMANN and others, Defendants: GORDON MOTOR COMPANY and another, Garnishee Defendants and Appellants: W. M. HEISER COMPANY, Garnishee Defendant and Respondent.

*March 7—April 3, 1956.*

For the garnishee defendants-appellants there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *Robert F. Boden* of counsel, all of Milwaukee, and oral argument by *Mr. Boden.*

For the plaintiff-respondent there was a brief by *Posner & Rubin,* attorneys, and *Sidney Sloane* of counsel, all of Milwaukee, and oral argument by *Mr. Sloane.*

For the garnishee defendant-respondent the cause was submitted on the brief of *Bendinger, Hayes & Kluwin* of Milwaukee.

BROWN, J. Mattek has pending an action against Ford Motor Company, a foreign corporation, and others, the details of which are not material. In aid of that suit Mattek has also commenced actions in garnishment against Ford dealers Gordon Motor Company, Al Shallock, Inc., and W. M. Heiser Company, all Wisconsin corporations. In June, 1955, at the time the garnishment papers were served upon these garnishees, each of them owed money to Ford Motor Company. Also, each garnishee had money on deposit with Ford, a credit on Ford's books, but no such credit was payable by Ford until the following December. The credits would then become absolutely due and payable, but not sooner. In the garnishment actions each garnishee claimed its credit, or deposit, as a setoff to the debt which it owed Ford and contended that thereby it was not indebted to Ford nor did it have property belonging to Ford in its possession or control. The trial court refused to recognize the claimed setoffs and entered orders which found that the garnishment processes had caught the sums which the garnishees presently owed Ford, without reduction on account of the amounts which Ford must, in December, pay or restore to the several garnishees. Gordon Motor Company and Al Shallock, Inc., have appealed from the orders and have joined in one brief and argument.

The issue is one of law and the parties agree in their statement of it, to wit:

"Is an obligation which is absolutely due from the principal defendant in a garnishment action to the garnishee and which is in no manner due upon a contingency, but which is pay-

able in the future at a time subsequent to the service of garnishee process, a proper setoff against the liability of the garnishee to the principal defendant?"

In the absence of the alleged setoff, it is not disputed that the amounts which the garnishees admit they owe to Ford are subject to garnishment. Neither is it disputed that setoffs are authorized by statute (sec. 331.07) and that matured obligations may be used to reduce or discharge the demand of the opposing party. The rule is different when the claim which is presented as a setoff is not due and payable. It is stated thus in 47 Am. Jur., Setoff and Counterclaim, p. 738, sec. 38:

*"Maturity of Claim.*—The general rule, subject to certain exceptions hereinafter noted, is that a claim or demand to be available as a setoff, counterclaim, or recoupment to an action must be due and owing at the time of the commencement of the action. The basis of the general rule is the principle that all issues in an action are to be determined as of the date of the commencement of the action. To allow a debt not due to be set off against one already due would be to change the contract and advance the time of payment. In other words, the general statutes of setoff and counterclaim apply to mutual debts only and do not comprehend mutual credits. Mutual debts, in the purview of a statute of setoff, are not merely those which are owing, but those which are due and payable, on each of which the cause of action has accrued and exists at the same time, while they are mutual credits if either remains to be paid at a future day."

Wisconsin has followed this rule from an early date. In *Oatman v. Batavian Bank* (1890), 77 Wis. 501, 46 N. W. 881, a depositor of the bank became insolvent and made an assignment of his assets for the benefit of his creditors. The assignee brought action to obtain the deposit. The bank attempted to set off the amount of the depositor's promissory note to the bank, which note was not yet payable. This court stated (p. 503) that the only issue was one of law ". . . whether the Martindale note . . . not being

due at the date of the assignment, was a proper setoff against the amount of said deposit." We held that it was not. The present garnishees contend that the actual ruling in the case was only that a contrary decision would give a bank in such circumstances an undue advantage over other creditors of the insolvent depositor. We went far beyond that and held directly that an unmatured debt could not be set off against a matured one. That basic determination was not impaired by our consideration and rejection of the appellant's effort to establish a setoff on equitable grounds.

Appellants further argue that sec. 331.07, Stats., which creates the legal right of setoff in this state, confers the right to set off an unmatured obligation against a matured one. We quote from appellants' brief which, we believe, condenses accurately the statutory provisions:

"Briefly stated, the following conditions of a legal setoff are laid down by section 331.07:

"1. The demand to be set off must arise upon a contract, express or implied.

"2. The demand must be due the defendant in his own right as original creditor or assignee.

"3. The demand *'must have existed'* at the time of the commencement of the action.

"4. The demand must be asserted in an action which could itself be the subject of setoff."

For the matter before us, the crucial provision is "3." Appellants say that they have found no case construing it. The statutory language now is the same as that found in sec. 4258, R. S. 1878, in effect when *Oatman v. Batavian Bank, supra,* was decided. We then said (p. 503): "By our statute (R. S. sec. 4258) *the setoff in all cases must be due,* and it makes no exception in favor of banks or on account of insolvency; . . ." (Emphasis ours.) In connection with the court's statement of the issue, whether a note not due is a proper setoff, and the decision that it is not, this appears

to us to be an explicit construction of "3" of the statute, and one contrary to appellants' position.

The garnishees submit that sec. 267.17, Stats., makes a garnishee liable to a plaintiff for the property of a defendant within the garnishee's control ". . . and for all his debts *due or to become due* to the defendant, . . ." etc. They also cite sec. 267.09 (3)[1] which permits a garnishee to claim a setoff and they submit that the right of setoff should be coextensive with the liability. That is, that if a garnishee is accountable for his unmatured debts to the defendant, his right of setoff should include defendant's unmatured debts to him. That might, indeed, be fair but garnishment is a statutory proceeding. Debts to mature in the future are not allowable setoffs in the ordinary action, as held in the *Batavian Bank Case, supra.* Sec. 267.09 (3) does not purport to create for garnishment purposes setoffs which are not good as setoffs generally, and we find no other section which does so. For all the abstract merit of the proposal we must take the statute as written and refer garnishees to the legislature for this amendment.

Lastly, appellants contend that they should have an equitable setoff. Under special circumstances such setoffs have been allowed in favor of unmatured obligations. They are largely within the discretion of the trial court which, in this instance, granted no such relief. The usual condition held to justify the equitable setoff of an unmatured obligation is the insolvency of the obligor to whom the garnishee owes a matured debt. It is not contended that such a condition is present in this case, and in *Batavian Bank, supra,* where the condition did exist, we refused to direct the allowance of such a setoff. In some cases, also, the probable difficulty faced by a garnishee of making collection at maturi-

[1] Sec. 267.09 (3), Stats. If he [the garnishee] claims any setoff or defense to any debt or liability or any lien or claim to such property he shall allege the facts.

ty from a principal defendant who is out of the jurisdiction has been held a sufficient ground for permitting the equitable setoff of that defendant's unmatured debt to the garnishee. No such probability is indicated here. We find no abuse of discretion on the part of the learned trial court in failing to enlarge, on equitable principles, the statutory rights of setoff.

*By the Court.*—Orders affirmed.