WISCONSIN MUTUAL INSURANCE COMPANY, Appellant, v.
MANSON, Commissioner of Insurance, Respondent.

*September 1—September 29, 1964.*

For the appellant there was a brief by *Wheeler, Van Sickle, Day & Goodman* of Madison, and oral argument by *Roland B. Day.*

For the respondent there was a brief by *Charne & Tehan* and *Robert E. Tehan, Jr.,* all of Milwaukee, and oral argument by *Robert E. Tehan, Jr.*

HEFFERNAN, J.  The surplus notes which are the bases of the respective claims of appellant and respondent were executed pursuant to the authority of sec. 201.17 (2), Stats. 1955. That subsection of the statute makes the acceptance of the terms imposed therein a condition for the issuance of surplus notes. Whether the notes issued pursuant to statute are presently payable depends upon the meeting of the conditions set forth in the statute. Sec. 201.17 (2) provides:

"Any mutual insurance company may borrow money from any officer, member or other person, for the purposes of its business or to enable it to comply with any requirement of law. No discount, commissions or promotion expenses shall be allowed or paid on such loan. Upon receiving the full amount of the principal to be used solely for such purposes, the company may issue its surplus notes, which shall fully recite the conditions of the loan; provided that no such notes shall be issued by any such company or be paid, discharged or retired in whole or in part without prior approval of the commissioner of insurance, and no surplus note or notes shall be issued by any mutual insurance company unless it accepts the requirements imposed by this subsection. Except as herein provided, such notes and indebtedness shall not be a liability or claim against any of the assets of the company. The principal and interest shall be payable only from the surplus over all other liabilities. The amount of principal and interest unpaid shall be reported in each annual statement. Surplus notes issued pursuant to the provisions of this section shall not be deemed a security within the meaning of the term as defined in chapter 189 and the provisions of said chapter shall not apply to such surplus notes."

Two points set forth therein and which are incorporated into the terms set forth on the face of the notes are determinative of this case.

(1) No notes shall be paid in whole or in part without the prior approval of the Commissioner of Insurance.

(2) These notes shall not be a claim against the assets of the company, and the principal and interest shall be payable only from surplus over all liabilities.

The performance of the obligation or payment of a promissory note is essentially the satisfaction of a contractual obligation, and the terms of the contract control unless they are in violation of sound public policy (11 Am. Jur. (2d), Bills and Notes, p. 29, sec. 1). In this case the contract, the note, is framed in the very words of the legislature's declaration of public policy as set forth in the statutes.

It is clear that the commissioner has not consented to the payment of the notes of Market Mens received by Wisconsin Mutual. He, in fact, is the party resisting the payment, as well he should, since the statute and the note make it clear that payment shall be made only out of surplus and not out of the assets. As was aptly stated *In re Mid-Continent Mut. Ins. Co.* (1945), 246 Wis. 460, 462, 17 N. W. (2d) 602: "There was no such surplus out of which to pay them, else why liquidation?"

In the instant case there is admittedly no surplus. To allow the offset, as against the liquidator's claim, of the not yet matured note held by Wisconsin Mutual, would be the use of an asset (the obligation of Wisconsin Mutual to Market Mens), to satisfy the claim for payment of surplus notes held by Wisconsin Mutual.

The appellant herein contends that the statutory liquidation of an insurance company is an equitable proceeding and that therefore the equitable setoff should apply. Wisconsin cases make it clear that the application of the principle of "equitable setoff" is largely within the discretion of the trial court. *Mattek v. Hoffmann* (1956), 272 Wis. 503, 76 N. W. (2d) 300.

In the instant case the trial court in the exercise at its discretion held that the principle should not be applied. The application of the principle of setoff in this case would result in preferring the claim of Wisconsin Mutual over other creditors. By its agreement, as embodied in the notes, the holder consents to be one of the last to be paid, yet here it asserts a priority that cannot be sustained by its contract, or by law, equity, or reason. Even the authorities appellant cites emphasize that the principle of equitable setoff is to be applied "where no equities of other claimants are shown to exist." We cannot on the facts before us assume that there are no existing equities of other claimants or that the trial judge abused his discretion in this respect.

Wisconsin has from an early date followed the rule that a claim not yet due cannot be set off against a claim already due. *Oatman v. Batavian Bank* (1890), 77 Wis. 501, 46 N. W. 881. In that case a depositor of a bank became insolvent and made an assignment of his assets for the benefit of creditors. The assignee brought an action to obtain the deposit. The bank attempted to set off the amount of the depositor's promissory note to the bank that was not yet payable. We held that note not being due at the date of the assignment was not a proper setoff against the amount of the deposit. As we stated in *Mattek, supra,* page 507, in discussing the *Oatman Case,* "We went far beyond that and held directly that an unmatured debt could not be set off against a matured one." Sec. 331.07, Stats., lays down the conditions of legal setoff. Sec. 331.07 (3) provides that the demand "must have existed" at the time of the commencement of the action. The statute now contains the same language in effect when *Oatman v. Batavian Bank* was decided. We said then ". . . the setoff in all cases must be due, and it makes no exception in favor of banks or on account of insolvency; . . ." *Oatman v. Batavian Bank, supra,* page 503.

We find no abuse of discretion on the part of the learned trial judge in failing to enlarge on equitable principles the statutory right of setoff. Doubtless occasions can arise when the trial court in its discretion may properly permit such setoff. See *In re Milwaukee Commercial Bank* (1940), 236 Wis. 105, 294 N. W. 538. However, no equitable principles were violated.

It is undisputed that Wisconsin Mutual is financially able to pay its interest obligation out of surplus and has been directed by the Insurance Commissioner to do so, it has been withholding payment only because it believes that it had a valid claim and setoff. It has not.

*By the Court.*—Order affirmed.